# Magnetic Ore Co. *v.* Marbury Lumber Co.

*Bill in Equity to Determine Claim to Real Estate and to Acquire Title to the Same.*

1. *Decree upon demurrers; when not reviewed on appeal.*—When a complainant, after demurrer is sustained to his bill, amends the bill by the addition of a new paragraph, and from a decree sustaining a demurrer to the bill as last amended, which was rendered more than thirty days after the former decree on the demurrer, the complainant appeals, the court is without authority to review the former decree on such appeal.

2. *Bill to establish title; amendment; pleading adverse possession.* Where, on a bill filed to determine claims to real estate, and to quiet

[Magnetic Ore Co. v. Marbury Lumber Co.]

title to the same, (Acts 1892-93, p. 42), its averments and exhibits show that within less than ten years, those through whom the complainant claims, held the property in recognition of the defendant's rights thereto, an amendment to the bill, which alleges that the complainant and those under whom he claims have been in possession of the lands for more than ten years, is at variance with the allegations of the original bill, is abortive to show any right of adverse possession in complainant, and is insufficient to entitle the complainant to any rights upon the ground of adverse possession.

APPEAL from the Chancery Court of Chilton.

Heard before the Hon. R. B. KELLY, Special Chancellor.

The bill in this case was filed on March 13, 1894, by the appellant against the appellee, under the provisions of the statute, entiled "An act to compel the determination of claims to real estate in certain cases, and to quiet title to the same."—Acts of 1892-93, p. 42.

It was shown by the averments of the bill, that on July 29, 1881, the Louisville & Nashville Railroad Company sold and conveyed to parties through whom the Marbury Lumber Company claim, the saw timber only on the lands described in the bill of complaint. The deed of the conveyance to said timber does not provide any time in which the said saw timber was to be removed from said lands.

On October 11, 1886, the Louisville & Nashville Railroad Company sold and conveyed in fee simple to H. F. DeBardeleben, through whom the Magnetic Ore Company claims, the said lands, and the deed of conveyance to said DeBardeleben contains this stipulation : "But it is 'understood and agreed that the timber and the right of way to reach the same has been sold," &c. Since the date of said conveyance, the Magnetic Ore Company and the party through whom it claims, has been in possession of said lands, and has been paying taxes thereon. It was further averred in the bill that since the sale of the saw timber on July 29, 1881, "a large quantity of timber upon said land, which was not saw timber at the time of said sale, has become saw timber, and at the time of the filing of the bill in this case it was impossible, with any degree of certainty, to designate and determine which of the saw timber upon said lands is the saw timber that was sold and conveyed to the parties through whom the Marbury Lumber Company claims."

The prayer of the bill is that the Marbury Lumber Company be decreed to have no interest or title to said lands or any of the saw timber growing thereon, and that it be required to surrender to the court the deed conveying said saw timber, and that said conveyance be cancelled.

The bill as orignally filed was demurred to upon many grounds, among which was that it contained no equity. These demurrers were sustained, and on appeal the decree sustaining the demurrers was affirmed by this court. After the remandment of the cause, the bill was amended on March 14, 1895, by adding four new paragraphs, numbered 5, 6, 7 and 8. Demurrers were sustained to the bill as amended on September 24, 1895, and thirty days was allowed the complainant to amend. Without taking an appeal from this decree, the complainant, on October 24, 1895, amended his bill by adding a new paragraph numbered 5, which is copied in the opinion. On March 12, 1896, the defendant demurred to the bill as amended, upon the following grounds: "First. Because the matter set up in paragraph 5 of the bill as amended makes a radical departure from the case as made out by the original bill. Second. Because the averments in paragraph 5 as amended make an essentially new case, by materially changing the averments of the facts upon which complainant seeks relief in the original bill. Third. Because, under the averments of paragraph 5 as amended, complainant has a full, complete and adequate remedy at law."

The cause was submitted upon the demurrers to the bill, as last amended, and on March 14, 1896, these demurrers were sustained. On April 14, 1896, the complainant appealed from the decree sustaining the demurrers to the bill as last amended, and assigns as error both the decree sustaining the demurrers which was rendered on September 24, 1895, and the decree sustaining the demurrers which was rendered on March 14, 1896.

HOUGHTON & COLLIER, for appellant.

J. M. FALKNER, *contra.*

McCLELLAN, J.—On a former appeal in this case it was, in substance, held that the bill was without equity, for that it failed to show that either of the parties was claiming or asserting title to any land or interest in land to which the other asserted any claim or title.—*Magnetic Ore Co. v. Marbury Lumber Co.*, 104 Ala. 466. After the case was determined on the demurrers here, the complainant, on March 14, 1895, amended the bill by adding thereto paragraphs 5, 6, 7 and 8. To the bill as thus amended the respondent, at or before the September term 1895 of the chancery court, interposed a demurrer. At that term the cause was submitted for decree on the demurrer to the bill; and on September 24, 1895, a decree was rendered sustaining the demurrer and allowing thirty days for amendment of bill. The present appeal was taken on April 4, 1896, more than thirty days after the decree referred to last above. There having been no final decree in the cause, the present appeal being from a subsequent decree on demurrer to the bill as amended the second time, we are without authority to review the decree of September 24, 1895, and have not at all considered its correctness.

In October, 1895, the complainant further amended its bill by substituting a new paragraph 5, which is in the following language: "That your orator, and those under whom it claims, have been in continuous adverse possession of the lands named and described in the exhibit hereto attached, marked 'Exhibit A,' together with the trees standing thereon, for more than ten years, openly claiming to own the same, paying taxes upon said lands, and exercising such rights of ownership over the same as such lands are capable of; and, during the entire time, neither the defendant nor those under whom it claims, has done any act evidencing claim to the ownership of the said lands or the saw timber standing thereon." Admitting for the sake of argument, that the paragraph just quoted standing alone would show ten years adverse possession of the timber in question, and that, with other averments of the bill as thus amended not inconsistent with those of this paragraph, would present a case of equity cognizance under the act "To compel the determination of claims to real estate in certain cases, and to quiet the title to the same," (Acts 1892-93, p. 42), it does not follow that there is equity in

[Cragin & Knobles v. Dickey.]

the present bill. To the contrary, the averments of the
bill, as originally filed and as they now appear, are wholly
inconsistent and at war with the averment of adverse
possession of the timber interest made in this para-
graph 5. The bill was filed March 13, 1894. Its aver-
ments and exhibits show circumstantially and beyond
question that up to October, 1886, less than ten years
before bill filed, and also less than ten years before the
amendment setting up title in complainant by adverse
possession, the land upon which the saw timber in dis-
pute stood was owned by the Louisville & Nashville
Railroad Company, respondent's grantor of said timber
interest, and that said company held as such owner the
possession of the land, but in open acknowledgment and
recognition of respondent's title to the saw timber it had
conveyed to respondent in 1881, which indeed, the rail-
road company expressly acknowledges and recognizes in
its deed of October, 1886, whereby it conveyed the land,
excepting in express terms the saw timber previously
conveyed to repondent, to those under whom complain-
ant now claims.

This amendment, therefore, is abortive to show any
right by adverse possession in the complainant : the bill
and exhibits show the contrary ; and the case as now
presented for our consideration is the same case we con-
sidered on the former appeal. For the reasons then given,
the decree of March 12, 1896, sustaining the demurrer
must be affirmed.

Affirmed.