# Ala. Great Southern Railroad Co. *v.* Moody.

*Aition for Damages, for Killing Cattle by Railroad Train.*

1. *Injuries to cattle by passing railroad train; evidence disproving negligence.*—In an action to recover damages for the killing of a cow by a passing railroad train, if the evidence shows, without any conflict, that the engineer of the train, on seeing several cattle on the track, sounded the cattle-alarm, and frightened them off, checking the speed of the train until they got down the embankment, where there was a wire fence thirty or forty feet distant; and that as the train again got under headway, one of the animals again ran up the embankment, fifty feet in front of the engine, and was run over and killed before the train could be checked, the presumption of negligence is rebutted, and the court may give the general charge in favor of the defendant.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by Frank S. Moody against the appellant corporation, to recover damages for the killing of a "Galloway cow" belonging to plaintiff, by the alleged negligence of the persons in charge of the defendant's passing train by which she was killed. The jury gave the plaintiff a verdict for $500. The only matter assigned as error is the refusal of the court to charge the jury, on request, that they must find for the defendant if they believed the evidence.

VOL. XC.

[Ala. Great Southern Railroad Co. v. Moody.]

WOOD & WOOD, for appellant.

J. M. FOSTER, and F. S. MOODY, *contra.*

CLOPTON, J.—The principles of law applicable to this·case are few, and well settled. When an animal is discovered on the track of a railroad, the statute makes it the duty of the engineer to "use all the means within his power, known to skillful engineers, such as applying brakes and reversing the engine, in order to stop the train."—Code, § 1144. When the animal is discovered in dangerous proximity to the track, his duty depends upon the circumstances. If they are such as to indicate danger of its getting on the track, or to induce the supposition that it will attempt to cross, the usual means to frighten it away being unavailing, it becomes the duty of the engineer to arrest the motion of the train, if need be, or to check the speed so as to bring and keep it under control, until the animal has crossed, or the danger passed; but, if the circumstances do not indicate apparent danger of an attempt to get on the track, then the duty to check the train does not arise. In the latter case, if the animal suddenly and unexpectedly gets on the track, when the train is so near that the use of all the means within the power of the engineer could not avail to stop it in time to avoid injury, the omission to make the endeavor is not negligence, and the company is not liable for the ensuing injury. These principles have been so repeatedly and well settled by the decisions of this court, that a re-assertion will suffice without further consideration.—*S. & N. Ala. R. R. Co. v. Jones*, 56 Ala. 507; *E. T., Va. & Ga. R. R. Co. v. Bayliss*, 77 Ala. 429; *A. G. S. R. R. Co. v. Chapman*, 80 Ala. 615; *Western Railway Co. v. Lazarus*, 88 Ala. 453.

Defendant's are the only witnesses who testify to the circumstances under which the cow was killed. If their evidence be true, the facts are these: As soon as the engineer and fireman discovered four or five cattle on the track, several hundred yards ahead of the engine, the engineer sounded the cattle-alarm, blew for brakes, and brought the train under control, nearly to a stop, before reaching the place where the cattle were, when they left the track, running down the embankment, which was from eight to ten feet high. After they had descended the embankment, the engineer started up the train, and was getting under way, when the cow that was killed suddenly ran up the embankment, and attempted to cross the road about fifty feet in front of the engine. As soon as she was discovered, the engineer again sounded the cattle-alarm,

and blew for brakes; but the train was so near that it could not be stopped in time to prevent striking the cow. There was a wire fence on each side of the road, the one on the east from eight to ten feet, and the one on the west from thirty to forty feet from the embankment; and there were holes or pits from which dirt had been taken to construct the road. The cattle ran down on the west side.

If these be the facts, the engineer, on discovering the cattle, used proper and sufficient means to get the train under control, so as to be able to stop it in time—due and reasonable diligence—to avoid injuring the cattle, had they remained on the track. The evidence then presents the case of a cow, which, with other cattle, having been frightened, runs off the track down an embankment, and, on the train being started up, suddenly runs up the embankment and on the track, so near to the engine that a collision can not be prevented, and is killed in trying to cross. The circumstances were not such as would lead a prudent man to suppose or apprehend that the cow would at once ascend the embankment, and attempt to cross the road, or indicate apparent danger of her again getting on the track. If the injury occurred under the circumstances stated by the witnesses, it was unavoidable, and the company is not liable.

The plaintiff's witnesses only testify to the killing and value of the cow, the part of her body which was struck, and the character of the track and adjacent ground; none of them witnessed the act. Plaintiff rested on making a *prima facie* case, casting on defendant the burden of proof to rebut the presumption of negligence arising from the fact that the cow was killed by one of its trains. We discover no substantial conflict in the evidence showing the circumstances of the killing; and if the witnesses be believed, the presumption of negligence is rebutted. The affirmative charge asked by defendant, the effect of which, in view of the entire evidence, would have been to instruct the jury that, if the facts be as testified by defendant's witnesses, the company was not liable, submitted their credibility to the jury, and should have been given.—*Nashville, Chat. & St. Louis R. R. Co. v. Hembree,* 85 Ala. 481.

Reversed and remanded.