JOHNS and others, Respondents, vs. NORTHWESTERN MUTUAL RELIEF ASSOCIATION, Appellant.

*April 25 — May 15, 1895.*

*Life insurance: Suicide: Evidence: Presumptions.*

Where a man who had gone to bed as usual was found, early in the morning, drowned in a cistern which had a curbing of boards about four inches above the ground, with an opening of but fifteen by twenty inches, the inference of suicide is sufficient to overcome any presumption of accident that might otherwise be indulged.

APPEAL from a judgment of the circuit court for Waukesha county: GEO. CLEMENTSON, Judge. *Reversed.*

Hubert Johns entered into a contract of insurance with the defendant in 1885. Said contract continued in force until October 1, 1890, when, by agreement of the parties, the old certificate of insurance was surrendered and a new one issued, dated on that day, to the effect that, in consideration of the payment of assessments therein mentioned, upon maturity of said certificate and within ninety days after due proof and allowance of such claim, upon presentation and surrender thereof, the defendant would pay the said Hubert Johns, or in case of his death the beneficiaries therein named, if living, as therein mentioned, provided that said disability benefit should only apply and be paid in cases where the injury therein provided and contemplated should result from and be brought about by some external cause or accident, and not by disease or any voluntary act of the member; that the same was to mature by limitation March 14, 1914, and then be paid as therein prescribed; that in case of maturity by death there should be paid eighty per cent. of an assessment of one table rate from each member, levied and collected therefor and applicable thereto, not exceeding $4,000, less any payment before made on account of maturity by disability or limitation, or any indebtedness

Johns and others vs. Northwestern Mutual Relief Ass'n.

due or accrued to the association from such member; and that the certificate was issued and accepted subject to the conditions, rules, and regulations printed on the back thereof. Among the rules and regulations so indorsed thereon is the following, to wit: "Suicide or self-destruction of the member herein named, whether voluntary or involuntary, sane or insane at the time thereof, is not a risk assumed by this association; provided, however, that in case of self-destruction the association, within ninety days after due proof and allowance of such claim, and upon presentation of this certificate, shall return to the beneficiaries herein named eighty per cent. of all assessments paid by such member; provided, also, that the amount so returned shall not exceed eighty per cent. of an assessment levied and collected therefor and applicable to the payment thereof."

On June 1, 1893, the said Hubert Johns came to his death by drowning in a cistern. On September 23, 1893, this action was commenced in equity to enforce an assessment to pay such loss. The complaint alleges full performance on the part of said assured. The answer alleges, in effect, the rule relieving the defendant from liability in case of suicide or self-destruction, and that Hubert Johns came to his death by suicide or self-destruction.

At the close of the trial the court found, in effect, the facts stated, and that Hubert Johns got into the cistern in which he was found dead accidentally, and did not commit suicide, and did not take his own life, either voluntarily or involuntarily. As conclusions of law the court found that the plaintiffs were entitled to judgment ordering and directing the defendant to levy, assess, and collect and pay to the beneficiaries above named (the plaintiffs herein) eighty per cent. of the assessment so made, not to exceed the sum of $4,000, with interest thereon from September 20, 1893, and ordered judgment accordingly. From the judgment entered accordingly the defendant appeals.

Johns and others vs. Northwestern Mutual Relief Ass'n.

For the appellant there was a brief by *H. W. Chynoweth* and *T. W. Haight*, and oral argument by *Mr. Chynoweth*.

For the respondents there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

CASSODAY, J. It appears that at the time of his death Hubert was a tailor by trade and was living with his second wife; that he had two children by his former wife,— a daughter, who had been absent from home for a long time, and a son, thirteen or fourteen years of age, who had left home a few months before Hubert's death; that he felt bad about the son leaving as he did; that he had lived with the plaintiff *Elizabeth*, his second wife, about eleven years; that they had six children, the oldest being about ten years of age, and the youngest a few months of age; that Hubert and his second wife had always apparently lived happily together; that Hubert was always reserved, and during a few months immediately before his death was more or less melancholy; that he had a home with no liens thereon; that he was out of debt, and had $235 in the bank, evidenced by certificates of deposit; that on the day prior to his death he worked as usual, his wife and some of his children being on a visit at Pewaukee; that they returned about 6 o'clock in the evening; that he then started a fire in the kitchen, and told his wife he would go down town, return a coat, pay his insurance, and when he got back would eat his supper; that he spent the evening with his family; that he went to bed with his wife, as usual; that she woke up early the next morning,— about daylight or before,— and missed him; that after failing to find him she went out the back door; that there was a beaten path on the earth leading from that door to the pump, and another branching off from it to the right, leading to the privy; that in going in that path from the house to the pump, and three or four feet to the left of that path, and six or eight feet from the house, was a cistern,

under ground; that the ground back of the house and up to the cistern curb was level; that the curb was of boards, and rose about four inches above the ground, and surrounded the opening to the cistern, which was fifteen by twenty inches; that the board cover to the cistern was not fastened to the curb, but was loose; that upon discovering that the cover was off the cistern she looked in and there saw and felt of her husband in the water; that she at once gave the alarm, and the neighbors assembled and took him out, and an inquest upon his body was held; that when so found he had his underclothes, pants, and stockings on, but no coat. The evidence is that he came to his death by drowning.

Counsel for the plaintiff is undoubtedly correct in contending that "when the dead body of the insured is found under circumstances, and with such injuries, that the death may have resulted from negligence, accident, or suicide, the presumption is against suicide, as contrary to the general conduct of mankind." May, Ins. § 325. Whether the death is accidental or intentional, whenever there is any evidence bearing upon the point, is a question of fact for the jury or court. *Ibid.* It is only essential that the evidence preponderates against the presumption of accident. *Bachmeyer v. Mut. R. F. L. Asso.* 87 Wis. 337, 338. "A presumption of suicide cannot be indulged in as a mere presumption, without any fact or circumstance upon which it can be logically predicated." *Sorenson v. Menasha P. & P. Co.* 56 Wis. 338. Counsel for the plaintiff seem to rely in part upon that case, but there were no facts or circumstances in that case from which suicide could be inferred. On the contrary, they were all harmonious with death by accident. The same is true with respect to *Cronkhite v. Travelers Ins. Co.* 75 Wis. 116.

Under the contract of insurance in the case at bar the plaintiff could only recover by showing that the death was the result of, or brought about by, "some external cause or

accident, and not by disease or any voluntary act of the member." The burden of proving such facts, subject to the presumption mentioned, was upon the plaintiff. *Travelers' Ins. Co. v. McConkey,* 127 U. S. 661. Under the contract of insurance, this defendant did not assume the risk in case Hubert Johns committed "suicide or self-destruction, . . . whether voluntary or involuntary, sane or insane at the time thereof." It is immaterial, therefore, whether at the time of his death he was sane or insane. *Bigelow v. Berkshire L. Ins. Co.* 93 U. S. 284.

In the absence of any evidence to the contrary, we must assume that Hubert was like other ordinary men; that he had two legs, and walked upon his feet; that in walking he stepped one foot at a time; that in taking a step with one foot the other necessarily remained upon the ground until the step was completed; that if he accidentally stepped into the hole it could only be with one foot, and that that foot would necessarily go down in the hole while the other foot remained upon the ground, and his body and arms and hands would necessarily fall over and beyond the hole. It is conceded and found that the hole was only fifteen by twenty inches square by actual measurement. The size of an ordinary man is of common knowledge, and we take judicial notice that no ordinary man could go through such a hole, unless he went head first or with both feet first; and that it is very improbable, if not impossible, for such a man, walking upon the ground, to fall into such a hole, either head first or with both feet first, by mere accident and without any design or purpose of thus going down into the cistern. And if we assume that he intentionally thus went down into the cistern, at the time and under the circumstances mentioned, then the inference of "suicide or self-destruction," within the meaning of the contract, seems to be sufficient to overcome any presumption of accident that might otherwise be indulged.

Whether the plaintiffs can, under the peculiar wording of this contract of insurance, recover in this action a percentage of all assessments paid by Hubert Johns was not argued and is not here determined.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.