# Leader *et al. v.* Mattingly.

*Action to recover Damages for Breach of Indemnity Bond.*

1. *Action upon indemnity bond; ex contractu.*—A complaint in which the plaintiff claims damages for the breach of an indemnity bond, and there is set out therein the substance of the condition of said bond and the circumstances under which it was issued, and there is averred therein a recovery of judgment against the plaintiff and levy for the execution against which the plaintiff was indemnified, and it was averred that he was compelled to pay said judgment, the amount which he seeks to recover as damages for the breach of said bond constitutes a debt, and the action is an action *ex contractu.*
2. *Bankruptcy law; what claims provable thereunder.*—Under the act of bankruptcy of Congress, there are no provisions made for proving contingent liabilities against a bankrupt estate, and, therefore, debts to be provable against such estate must be in existence when the petition in bankruptcy is filed; and claims against a bankrupt which are not provable as allowed by the act are not affected by his discharge in bankruptcy.
3. *Indemnity bond; discharge of principal in bankruptcy does not affect sureties.*—A discharge in bankruptcy of the principal in an indemnity bond, from liability on such bond, does not have the effect to discharge and release the sureties upon said bond from any damages arising from the breach thereof.
4. *Pleading and practice; right to file plea during trial discretionary with court.*—The right of a defendant in a civil suit to file a plea during the progress of the trial and after evidence has been introduced, is addressed to the discretion of the trial court which is not reviewable on appeal.

[Leader *et al.* v. Mattingly.]

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This action was brought by the appellee, J. L. Mattingly, against the appellants, and sought to recover $99.01, as the breach of the condition of an indemnity bond, which was executed by the defendant A. S. Leader as principal, and the other defendants, as sureties.

The complaint, as originally filed, contained one count and it was averred therein that the indemnity bond sued on was executed March 4, 1901, by the defendants, was payable to the plaintiff and conditioned that inasmuch as an execution in favor of said A. S. Leader had been issued out of the justice of the peace court and had been placed in the hands of the plaintiff as constable, and that said Leader had directed the plaintiff to levy said execution upon one bay mare as the property of Rueben Winn, the defendant in execution, and that as there was some doubt as to whether the property belonged to said Reuben Winn, that the defendant should hold the said Mattingly harmless in making said levy, and should indemnify and pay him all damages and costs, he might incur, and pay all damages which might be rendered against him for levying said execution upon said property.

It was then averred in the complaint that after the execution of said bond and indemnity, the plaintiff levied the execution upon said property and one Lula Winn recovered a judgment, together with costs on March 17, 1902, against him amounting to $99.01, which said judgment the plaintiff was forced to pay, and was, therefore damaged to such extent.

The complaint as originally filed did not state the amount of the judgment and costs recovered and was amended so as to state said amount. To the complaint, as originally filed, and as amended, the defendants demurred upon the ground that there was joined therein a cause of action *ex delicto* with a cause of action *ex contractu*. This demurrer was overruled. Thereupon the defendant, A. S. Leader, filed a special plea in which he set up that prior to the institution of the present suit the said A. S. Leader had filed his petition in the district

[Leader *et al.* v. Mattingly.]

court of the United States asking to be declared bank-rupt, and that prior to the institution of the present cause of action, the petition of the plaintiff was granted by order of the district court of the United States and the said A. S. Leader was declared a bankrupt and was discharged from all debts and claims which were made payable by the bankrupt act of the United States against said Leader's estate; that the said Leader's petition was filed in the bankrupt court on January 24, 1902, and that the plaintiff's said cause of action was provable under the bankrupt act and existed on said 24th day of January, 1902. The other defendants who were sureties, separately filed several special pleas, in which they set up the fact that A. S. Leader, who was the principal on the indemnity bond sued on, had been, by regular proceedings instituted prior to the bringing of the present suit, adjudged and declared a bankrupt and discharged from all debts and liabilities, and that the claim of said plaintiff and said indemnity bond was proven under the bankruptcy law, and that, therefore, the principal upon said bond having been declared a bankrupt and discharged from all debts and liabilities, including the present claim sued upon, his sureties on said bond were discharged.

To each of the special pleas filed by A. S. Leader as principal on said indemnity bond and each of the sureties thereon, respectively, the plaintiff demurred upon the following grounds: 1. During the pendency of said bankruptcy proceedings plaintiff's said cause of action was unliquidated and had not arisen. 2. That the claim of the plaintiff was not provable under the bankruptcy law, and was not such a debt or claim as Leader's discharge in bankruptcy would be effective against. 3. Because it does not appear that said Leader was ever made a party to the bankruptcy proceedings or presented his claim therein. Each of these demurrers to said special pleas was sustained.

On the trial of the cause, the plaintiff introduced evidence showing the execution of the indemnity bond sued on, and introduced the records and transcripts of the court to show that judgment had been recovered against

[Leader *et al.* v. Mattingly.]

him by Lula Winn for having made levy against which
he was indemnified by the execution of said bond.

The defendants introduced the transcript and record
evidence to show that the said A. S. Leader had been
duly and regularly declared a bankrupt in proceedings
which were instituted on January 24, 1902, and had
been discharged of all debts and liabilities provable
under the bankruptcy law.

During the trial of the case two of the defendants who
were sureties on said bond offered to file a special plea
setting up their release from the bond of the plaintiff.
The court declined to allow the interposition of this
plea, and to this ruling the defendants duly excepted.

The cause was tried by the court without the inter-
vention of a jury, and upon the introduction of all the
evidence, judgment was rendered in favor of the plain-
tiff.

The defendants appeal, and assign as error the several
rulings of the trial court to which exceptions were re-
served.

PINKNEY SCOTT, for appellants.—The demurrer to the
amended complaint should have been sustained.—*Mo-
bile Life Ins. Co. v. Randall,* 74 Ala. 176; *Meyers v. Gil-
bert,* 18 Ala. 470.

It was error to render a judgment against defendants
in this case. The plea put in by A. S. Leader, as to
bankruptcy, was clearly proven by his certificate of dis-
charge which made out his defense clearly and conclu-
sively.—*Oats v. Parrish,* 47 Ala. 147.

No counsel marked as appearing for appellee.

SHARPE, J.—To the amended complaint no valid
objection was raised by demurrer. In the complaint as
originally filed and as it stood after amendment the
cause of action was *ex contractu,* being for the breach of
a bond given to indemnify the plaintiff against damage
possible to result from the levy of an execution in the
hands of himself as constable.

From the complaint it appeared that the damages consisted of an amount plaintiff was compelled to pay on a judgment obtained against him on March 17, 1902, by the owner of the property levied on, and no breach of the bond is averred as accruing prior to that date. None of the special pleas filed by the defendant sureties setting up Leader's discharge in bankruptcy averred or showed that Leader's petition in bankruptcy was filed after the accrual of such damages or after the bond had become a liability against Leader other than such as was contingent upon the uncertain event of its breach, and for lack of such averment, those pleas were subject to the demurrers interposed to them, respectively. The present bankrupt act makes no provision for proving contingent liabilities against a bankrupt estate.—Collier on Bankruptcy, (4th ed.), 451, 445; 5 Cyc. Law & Procedure, 324. Debts to be provable against such estate must be in existence when the petition in bankruptcy is filed and those not provable are not affected by the discharge.—Collier on Bankruptcy, (4th ed.), 192, 193. See also, *In re Burka* (D. C.), 104 Fed. 326, construing in this regard section 63 of Bankr. Act, July 1, 1901, c. 541. Moreover, a discharge in bankruptcy of Leader from liability on the bond would not have been effective to discharge the sureties.

The evidence showed that Leader's petition in bankruptcy was filed January 24, 1902, and that the liability of himself and sureties on the bond was at that time contingent merely and not provable. Hence, Leader's plea averring the debt was provable and was discharged in bankruptcy was not sustained by the evidence.

In refusing to allow defendants Pearsons and Landders to file during trial a plea setting up a release of themselves from the bond, the trial court acted within its discretion; and without being specially pleaded the suggested release was not available to them as a defense. As a general rule matters of defense, other than those in denial of the complaint's averments, are required to be specially pleaded.—Code, 1896, § 3295; *American, etc. Co. v. Ryan,* 112 Ala. 337; *Petty v. Dill,* 53 Ala. 641. It not appearing that the offered plea was treated as filed,

the fact that evidence was admitted tending to prove its statements does not affect the propriety of the judgment, since it was proper to render the judgment upon the issues joined. It may be further noted that the disallowance of this attempted defense is not matter of which all the defendants have cause for complaint, and the assignments of error thereon being by all the defendants jointly, are not well made.—*Rudulph v. Brewer,* 96 Ala. 189; *Kimbrell v. Rogers,* 90 Ala. 339; *Magnetic Ore Co. v. Marbury Lumber Co.,* 113 Ala. 306.

Assignments of error not treated of herein, are not insisted on in defendants' brief and are, therefore, considered as waived.—*Scarbrough v. Borders,* 115 Ala. 436.

Judgment affirmed.