# Louisville & Nashville Railroad Co. v. Wynn.

*Action for Injury to Employe.*

(Decided Jan. 12, 1910.   Rehearing denied Feb. 26, 1910.
51 South. 976.)

1. *Exceptions; Bills of; Motion to Strike.*—Where the bill of exceptions was signed by the judge within the time of the previous order extending the time for signing made by the judge in vacation it will not be stricken on motion because made after an appeal had been taken to this court.

2. *Evidence; Interrogatory; Contradiction.*—Where a party files interrogatories and obtain answers thereto under the provision of section 4056, Code 1907, and offers them in evidence in his own behalf, he is not thereby precluded from producing other proof of the same facts or from contradicting such interrogatories.

3. *Appeal and Error; Review; Scope of Record.*—Where the judgment entry recited that the second count as amended was demurred to and the demurrer overruled, but the amendment to the count is not shown by the judgment entry or elsewhere in the record, and the count as amended is not set out in the record, this court cannot on appeal, review the action of the trial court as to such amendment.

4. *Master and Servant; Injury to Servant; Complaint; Demurrer.*
—Where the count averred that it was plaintiff's duty in the line
of his employment to assist in unloading a barrel from the car and
that in doing so he was at the time obeying the orders of his su-
perior, it is not open to demurrer on the ground that it showed no
duty resting upon plaintiff under his employment requiring him to
undertake to do that which could not be done by him, and his fel-
low workman notwithstanding they may have had orders to do so,
since such demurrer was inapt and in the face of the averment
of the count.

5. *Same; Assumption of Risk; Plea.*—Where the complaint was
based upon subdivision 3 of section 3910, Code 1907, pleas setting
up the assumption of risk and contributory negligence do not pre-
sent defenses thereto.

6. *Same; Proof; Variance.*—Where the complaint was based upon
subdivision 3, section 3910, Code 1907, a denial of plaintiff's duty
to obey the order in the execution of which he was injured was
available under the plea of general issue.

7. *Appeal and Error; Pleading; Discretion of Court.*—It is within
the discretion of the trial court as to whether it will permit the
defendant to file additional pleas after plaintiff has introduced his
evidence and closed his case, and hence, not revisable on appeal.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Tom Winn against the Louisville & Nash-
ville Railroad Company. Judgment for plaintiff, and
defendant appeals. Affirmed.

The third count was as follows: "Plaintiff claims of
defendant $2,000 as damages, for that heretofore, on
the 4th day of January, 1905, plaintiff was an employe
of the defendant in its railroad shop in the town of New
Decatur, Alabama, and in the course of his employment
it became his duty to assist in unloading a barrel filled
with brass borings or scrap brass, weighing, to wit,
1,000 pounds, from a certain car in or near the defend-
ant's said shops in said town, and while engaged as
aforesaid the said barrel with its contents fell upon
plaintiff, breaking, bruising, and mangling plaintiff.
(Here follows a list of special injuries and damages.)
Plaintiff avers that he was injured by reason of the neg-
ligence of one Lenear Royer, who was at the time in the
service or employment of defendant, and to whose or-

ders and directions plaintiff was at the time of the injury bound to conform, and did conform; and plaintiff avers that his said injuries resulted from his having so conformed, in that said Royer negligently ordered plaintiff and three others, fellow servants of plaintiff, to unload said barrel as aforesaid; and plaintiff avers that there was not a sufficient number of men to unload said barrel with reasonable safety, on account of which plaintiff was injured as aforesaid."

Ground B to said count is as follows: "Said count shows that no duty rested upon plaintiff under his employment to require him to undertake to do that which could not be done by him and his fellow workmen, notwithstanding they may have had orders so to do."

The following pleas were filed: (10) "Plaintiff was guilty of negligence proximately contributing to the injuries complained of in this: That he was a subordinate foreman of a band or number of men assigned to different duties, and that it was his duty to receive orders from his superior foreman, Lenear Royer, as to the duties to be performed by him, and the men under him; that said Lenear Royer directed him to have his men unload said barrel of siftings from said car; that it was his duty to assemble a sufficient number of said men under him for said purpose, and that it was no part of his duty to assist in the unloading of said barrel; but that it was his duty to see that said men unloaded the same, and that the manual labor in unloading same was not a part of his duty, and in performing such work he was not at his place of duty, and that his assuming said duty was voluntary on his part, and in the performance of which he received the injuries complained of." (13) "Plaintiff was guilty of contributory negligence proximately producing the injury complained of in this: That he knew that it was a safe and

proper way to have said barrel unloaded by the use of skids; that he had charge of the men engaged in unloading the same; that he knew it was dangerous to unload the same by attempting to lift said barrel to the ground without knowing the weight of its contents; and that he did attempt to lift the same to the ground, whereby he received the injuries complained of."

The following is charge 4: "The plaintiff has introduced the answers of the defendant as evidence in his own behalf. I charge you that, under the law, plaintiff is bound by statements in said answers, and vouches for the proof of the same by introducing them in evidence.

JOHN C. EYSTER, and TENNIS TIDWELL, for appellant. The court erred in sustaining demurrer to appellant's plea 2.—*H. A. & B. R. R. Co. v. Waters,* 91 Ala. 443. The same argument is applicable to assignments of errors, 5, 7 and 8. The court erred in refusing to allow appellant to file pleas 9 and 10. Their sufficiency should have been tested by demurrer.—*Brooks v. Continental Co.,* 125 Ala. 615. The court erred in sustaining demurrers to plea 13.—*M. J. & K. C. R. R. Co. v. Bromberg,* 141 Ala. 276. Counsel insist upon other errors assigned, but without citation of authority.

CALLAHAN & HARRIS, for appellee. The count was sufficient under subdivision 3, section 3910, Code 1907. —*M. & O. R. R. Co. v. George,* 94 Ala. 217. Pleas of assumption of risk and contributory negligence are not answers to that character of complaint.—*Woodward I. Co. v. Andrews,* 114 Ala. 257. The court did not err in its actions on the pleadings.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 575; *Leader v. Mattingly,* 140 Ala. 448; *Woodward I. Co. v. Andrews, supra.* A servant has the

right to assume superior knowledge in the master and to rely on his prudence and judgment.—*Carter v. Durback L. Co.,* 36 South. 945; *Schroeder v. C. & A. R. R. Co.,* 18 L. R. A. 831; 2 LeB. 219. Counsel insist that the bill of exceptions should be stricken for the reasons stated.—*Montevallo C. M. Co. v. Reynolds,* 44 Ala. 252; *Hudson v. Bauer G. Co.,* 105 Ala. 200; *Kimbrell v. Rodgers,* 90 Ala. 342; *Ex parte Thompson,* 52 Ala. 98.

DOWDELL, C. J.—The motion to strike the bill of exceptions on the stated ground, namely, that the order of extension for signing same, made by the presiding judge in vacation, though within the time of a previous order to the same effect, was after an appeal had been taken to this court, is without merit.—*Capital City Insurance Co. v. Cofield,* 131 Ala. 198, 31 South. 37.

The complaint originally filed contained three counts; but the first count was subsequently withdrawn, and no questions therefore arise as to this count. The judgment entry recites that the second count was amended, and as amended was demurred to and the demurrer overruled. The record before us does not show in what the amendment consisted either in the judgment entry or by setting forth the amendment or count as amended in the transcript. The complaint as originally filed containing the three counts is set out in the transcript and only this. In this state of the record, we cannot review the court's action in its ruling on the demurrer to the second count as amended.

It is insisted in argument that the court should have sustained the ground of demurrer designated "B" to the third count, and that it erred in overruling this ground of demurrer. The mentioned ground of demurrer was inapt and in the face of the averments of the count. The count averred that plaintiff's duty in the line of his

employment was to assist in unloading the barrel from the car, and that in so doing he was at the time obeying the order of his superior to which he was bound to conform.

After the trial had been entered upon and the plaintiff had introduced his evidence and rested his case, the defendant offered to file additional pleas, which the court on the objection of the plaintiff refused to allow. This was a matter addressed to the discretion of the trial court, and its ruling thereon is not revisable on appeal.—*Leader et al. v. Mattingly,* 140 Ala. 444-448, 37 South. 270.

The complaint is predicated on subdivision 3 of the employer's liability statute (section 3910, Code 1907). Plea 10, in so far as it sought to set up the defense of assumption of risk, was no answer to the complaint.— *Woodward Iron Co. v. Andrews,* 114 Ala. 243-257, 21 South. 440. In so far as it denied a duty resting upon the plaintiff to conform to the order of Royer, this was available under the plea of the general issue. What we have said of plea 10 as to assumption of risk is applicable to plea 13.

Written charge 4 requested by the defendant was properly refused. The instruction to the jury sought by this charge is directly opposed to the statute.—Section 4056, Code 1907.

We have considered every question insisted on in argument by counsel for appellant, and, there being no reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.