# STATE v. KELLY.

### (132 N. W. 223.)

**Nuisance — variance between information and proof.**

1. Under an information charging the keeping and maintaining of a common nuisance at a place described as within the city of Minot, in Ward County, North Dakota, proof of the maintenance of such nuisance at a place without the limits of said city gives rise to a fatal variance between the information and the proof.

**Information — designation of place of nuisance.**

2. It is unnecessary, in prosecutions for keeping and maintaining a common

*Note.* —The authorities on the question of the power of the legislature to make possession of intoxicating liquor prima facie evidence of an attempt to violate the law against illegal sales are collated in notes in 1 L.R.A.(N.S.) 626, and 43 Am. Rep. 26.

nuisance, that the information particularly designate the place of the commission of the crime more than to charge that the same was committed within the county and state wherein the prosecution is had; but where the information designates the particular location of the place charged to be kept and maintained as a common nuisance, the state, to warrant conviction, must prove the crime to have been committed at the place so particularly described in the information, as proof of the commission of the crime of keeping and maintaining a common nuisance at a place other than that so designated with particularity in the information is proof of the commission of a separate independent crime, other than the one charged in the information.

**Evidence — presumption from possession of intoxicating liquor.**

3. The presumption declared by § 9383, Rev. Codes 1905, as arising from the finding of intoxicating liquor in the possession of a person charged with said crime, is to be considered by the jury as a circumstance or element of the case from which, considered with all the evidence in the case, the jury determine their verdict.

**Trial — instruction as to presumption.**

4. An instruction as to such presumption, giving the same in the words of the statute, and following with the instruction that "such presumptive evidence may be considered by you as competent and sufficient upon which to base a conviction, provided the jury is satisfied beyond a reasonable doubt from all the evidence in the case that the defendant is guilty as charged," properly defines the effect the jury should give such presumption, and is a correct instruction thereon.

Opinion filed June 1, 1911.

Appeal from the County Court of increased jurisdiction for Ward County; *N. Davis*, J.

William Kelly was convicted of maintaining a common nuisance for the sale of intoxicating liquors, and he appeals.

Reversed.

*George A. McGee*, for appellant.

*D. L. Nash*, State's Attorney, and *Andrew Miller*, Attorney General, for the state.

Goss, J.    The defendant, William Kelly, was informed against and convicted of the crime of keeping and maintaining a common nuisance, and appeals. The principal reason urged for reversal is that of variance between the information charging the crime and the proof offered on the trial.

The information charged that "defendant herein wilfully and unlawfully kept and maintained a certain place, to wit, a saloon, in a building situated in the city of Minot, which building was a dirt dugout within what is commonly known as Wildwood Park, in the city of Minot, in the county of Ward and state of North Dakota, and in which place intoxicating liquors were then and there sold, bartered, and given away as a beverage" to certain named persons. All proof offered on the question of place shows the nuisance was maintained in a dugout 100 yards outside the corporate limits of the city of Minot. Objections were saved to the reception of evidence and to the instruction of the court in such particular. The court considered the allegation of the information charging the crime to have been committed within the city of Minot as surplusage; and the trial was had on the theory by the state and the court that, so far as the question of place of commission of the crime was concerned, proof that the same was committed at any place within the county of Ward was sufficient to warrant conviction.

While there is some question as to the sufficiency of the objections urged to the admission of testimony as to place on which to predicate error in this court upon the admission of such testimony, yet the place proven as the location of the nuisance the undisputed evidence shows was without the city of Minot. As to this the court gave the following instruction: "The proof in the case may be at variance with the information as to the exact location, as to the certain building or place where the offense is alleged to have been committed is located in this case. I charge you that it is immaterial as to the exact location, and if the state has proven to your satisfaction, beyond a reasonable doubt, that the offense was committed in a building or at a place within Wildwood Park, in this county and state, it is sufficient as to the place." And again: "It is not disputed that the location of the dugout where the offense is alleged to have been committed is on the south half of section 14, and the court instructs you that all of section 14 is in Ward county, North Dakota." To these instructions the defendant duly excepted, as also to the court's refusal to give the following requested instruction: "I charge you, gentlemen of the jury, that it is incumbent on the state to prove the crime, if any was committed, was committed within the city of Minot, Ward county, North Dakota, and if the state

has not so proven the place to your satisfaction, beyond a reasonable doubt, you should find the defendant not guilty."

The defense offered no evidence, and upon the state resting its case, motion was made by the defendant for an advised verdict of not guilty, on the grounds that under the evidence there was a variance between the proof and the allegations in the information as to place. On denial of such motion, defendant excepted.

Under this state of the record, we have no alternative, except to follow the case of State v. O'Neal, 19 N. D. 426, 124 N. W. 68, on all fours with the case under consideration. In the case cited, in which the writer of this opinion was trial judge, the information charged the commission of the crime as having occurred near the shore of Lake Metigoshe, in a certain section, township, and range of Bottineau county, North Dakota. On trial at the conclusion of the testimony, it developed that the range was erroneously described in the information, so that the particular description by section, township, and range located the crime as committed 6 miles west of the shore of the lake in question, the place of the actual occurrence. This court, however, there held a particular description to govern over a general one, notwithstanding that the court could by statute (Rev. Codes 1905, § 7319) take judicial notice of the location of the lake to be in a township other than that described in the information; and under the same instructions as in this case, under the same condition of the record, the judgment was reversed and the rule laid down that in a prosecution for the keeping and maintaining of a common nuisance, when the state elects to describe the place with certainty by particular description, such particular description must be proven as alleged. And this rule is in harmony with the weight of authority on the question.

It was not necessary, however, that the state, in a criminal prosecution for the keeping and maintaining of a common nuisance, charge the offense with more certainty as to description of place than to charge that the offense was committed within the county and state wherein the prosecution is had; in the case on trial, the county of Ward and state of North Dakota. State v. Empting, 21 N. D. 128, 128 N. W. 1119; State v. Ilvedsen, 20 N. D. 62, 126 N. W. 489; State v. Kruse, 19 N. D. 203, 124 N. W. 385; State v. Ball, 19 N. D. 782, 123 N. W. 826. Under such a general charge as to place, the state may prove

the commission of the crime of keeping and maintaining such nuisance at any certain place, within the said county and state, particularly described in the testimony. But, where the state unnecessarily charges a more particular description than an allegation of its commission within the county, the particular description must be proven as laid in the information or indictment charging the same. Every particular description to such extent narrows the scope of the proof accordingly. Therefore, the motion for an advised verdict should have been granted; likewise defendant's requested instruction was proper on the court's refusal to grant the motion for an advised verdict, and the court in its instructions, by ignoring the particular description charged in the information, which charged the offense to have been committed within the city of Minot, committed reversible error.

Defendant assigns error on a further instruction given by the court to the jury. While it is not necessary to consider this assignment, so far as the disposition of the case is concerned, yet, by reason of the state desiring a ruling on the question raised, we pass thereon. It concerns an instruction given under § 9383, Revised Codes 1905, and is relative to that statute, applicable when intoxicating liquor is, in an unusual quantity, found in a defendant's possession in certain designated places. The court charged the jury in the language of the statute, and as follows: "I charge you that the finding of intoxicating liquors in the possession of the accused in any place, except his dwelling house or its dependencies, or in such dwelling house, if the same is a tavern, store, public eating house, grocery, or other place of public resort, or in unusual quantities in the private dwelling house, or its dependencies, of a person keeping a tavern, store, public eating house, or grocery, or other public resort, shall be received and acted upon as presumptive evidence that such liquor was kept for sale contrary to law,"—adding thereto the following as to presumptive evidence: "And I charge you that presumptive evidence is competent and sufficient upon which to convict, provided the jury in fact believes beyond a reasonable doubt that the defendant is guilty." Appellant challenges the instruction, and urges that, while the statute makes the finding of the liquor in the possession of the accused presumptive evidence that he kept such liquors for unlawful sale, yet that, inasmuch as the selling of intoxi-

cating liquors is but evidence of the crime of maintaining the nuisance, and not the commission of the crime itself, the instruction is erroneous.

Under the statute, the finding of the intoxicating liquors, either in unusual quantities or in a place of public resort, is presumptive evidence that such liquors are kept for unlawful sale. Such is the statutory presumption arising from such finding of liquor. It is presumptive evidence, with the emphasis on the term "evidence;" it is a presumption having legal force, as evidence of the ultimate fact to be proven, that such liquors were kept for unlawful sale. Parsons v. State, 61 Neb. 244, 85 N. W. 65. It is but one circumstance or element of the whole case presented to the jury, from all of which the guilt of the defendant is determined; and the duty of the court is to declare such finding of intoxicating liquors to be presumptive evidence that the liquors were kept for unlawful sale, leaving to the jury the question of the weight and significance to be given to such presumption, considered in connection with all the other evidence in the case. So considered, it may to the jury be strong and convincing, or weak and unsatisfactory, conclusive or rebutted, according as they conclude from the whole case. See 6 Words & Phrases, 5541; 16 Cyc. 1050; State v. Barrett, 1 L.R.A.(N.S.) 626, and note (138 N. C. 630, 50 S. E. 506); Re Cowdry, 3 Ann. Cas. 70, and note (77 Vt. 359, 60 Atl. 141); State v. Sheppard, 64 Kan. 451, 67 Pac. 870; Board of Excise v. Merchant, 103 N. Y. 143, 57 Am. Rep. 705, 8 N. E. 484; People v. Cannon, 139 N. Y. 32, 36 Am. St. Rep. 668, 34 N. E. 759; Id., 139 N. Y. 645, 34 N. E. 1098. "Presumptions, like probabilities, are of different degrees of strength," Decker v. Somerset Mut. F. Ins. Co. 66 Me. 406.

An instruction that presumptive evidence is alone competent and sufficient upon which to convict might constitute prejudicial error. But the instruction given was qualified by the addition thereto, "provided the jury in fact believed beyond a reasonable doubt that the defendant was guilty." This instruction left the question of defendant's guilt for the determination of the jury under all the evidence, not limiting them to presumptive evidence alone. The instruction given by the same court, however, in State v. Otrey, post, 132 N. W. 367, referring to such presumptive evidence, that "such evidence may be considered by you as competent and sufficient upon which to base a con-

viction, providing the jury is satisfied beyond a reasonable doubt, from all the evidence in the case, that the defendant is guilty as charged," is a proper instruction on presumptive evidence, and one approved in the case cited, very recently decided by this court.

However, on the variance between the proof offered and the offense charged, it is necessary that the judgment be reversed, and the case is accordingly remanded for further proceedings. It is so ordered.

MORGAN, Ch. J., not participating. Honorable W. J. KNEESHAW, Judge of the Seventh Judicial District, sat by request.