(87 South. 616)

## SOVEREIGN CAMP, W. O. W. v. DENNIS.
(4 Div. 632.)

(Court of Appeals of Alabama. Nov. 9, 1920. Rehearing Denied Jan. 18, 1921.)

1. INSURANCE ☞815(1)—COMPLAINT BASED ON BENEFIT CERTIFICATE NOT REQUIRED TO ALLEGE DEFENDANT'S CHARACTER AS FRATERNAL ORGANIZATION.

In action on beneficiary certificate, plaintiff was not required to alleged that the defendant was a fraternal organization, and therefore governed by other laws than those governing old-line insurance, since if there was any law entering into and modifying the contract by reason of defendant being other than a regular insurance company, such fact was the subject of defense, and not of original allegation and proof. ·

2. INSURANCE ☞815(1)—COMPLAINT HELD TO PLEAD DEFENDANT'S CHARACTER AS A FRATERNAL ORGANIZATION.

In action on a benefit certificate, complaint *held* to plead defendant's character as a fraternal organization.

3. INSURANCE ☞815(1) .— ALLEGATION THAT DECEASED WAS IN GOOD STANDING AT TIME OF DEATH HELD TO SHOW COMPLIANCE WITH NECESSARY CONDITIONS OF CONTRACT.

In action on benefit certificate, an allegation that the deceased was in good standing at the time of his death was equivalent to an allegation that he had complied with all the necessary conditions of the contract of insurance.

4. INSURANCE ☞815(1)—VIOLATION OF CONDITIONS OF INSURANCE CONTRACT ARE MATTERS OF DEFENSE.

.The violation of conditions attached· to the contract of insurance is matter of defense, and not subject of allegation in the complaint.

5. PLEADING ☞236(4)—AMENDMENT OF COMPLAINT AT TRIAL AS TO AMOUNT CLAIMED ·DISCRETIONARY WITH COURT.

In an action on a beneficiary certificate, the allowance by the court of an amendment to the complaint by changing the amount claimed after testimony had been taken *held* discretionary with the court, being governed by Code 1907, § 5367, and not by section 5369.

6. APPEAL AND ERROR ☞1041(2) — AMENDMENT INCREASING AMOUNT CLAIMED HARMLESS, WHERE VERDICT WAS BASED ON ORIGINAL AMOUNT.

The allowance of an amendment to the complaint increasing the amount claimed was harmless, where the verdict was based on the original amount claimed.

7. PLEADING ☞236(4)—REFUSAL TO PERMIT AMENDMENT OF ANSWER AFTER PLAINTIFF HAD RESTED CASE HELD NOT ABUSE OF DISCRETION. .

Refusal to permit defendant after plaintiff had introduced his evidence and rested his case to amend answer under Code 1907, § 5367, by filing plea alleging facts known to defendant for some time, *held* not an abuse of discretion.

8. APPEAL AND ERROR ☞959(3) — REFUSAL OF AMENDMENT NOT DISTURBED, IN ABSENCE OF A CLEAR SHOWING OF ABUSE OF DISCRETION.

Refusal to permit amendment to answer after plaintiff had rested case, being discretionary with the court, will not be disturbed ·on appeal, unless the appellate court is convinced that the action of the court was an abuse of discretion amounting to a denial .of justice.

9. EVIDENCE ☞472(11)—WITNESS WHO EXAMINED DECEASED'S BODY AT PLACE WHERE FOUND CANNOT GIVE OPINION AS TO WHETHER DEATH WAS BY SUICIDE.　·

In action on a benefit certificate defended on the ground that deceased committed suicide, a witness, who examined the body at the place where found, together with the locus in quo, cannot give his opinion as an·expert, as to the cause of death, but must limit his testimony to the facts, from which the jury must draw the conclusions.

10. INSURANCE ☞817(3)—INSURER HAS BURDEN OF PROVING SUICIDE AS DEFENSE TO BENEFIT CERTIFICATE.

In an action on a benefit certificate involving the issue of whether the deceased committed suicide, there is an evidentiary presumption against suicide, and the defendant has the burden of overcoming such presumption, and where the evidence is circumstantial, must produce facts which exclude every reasonable hypothesis of natural or accidental death.

## On Rehearing.

11. EVIDENCE ☞89—DISPUTABLE PRESUMPTION OF LAW ESTABLISHES PRIMA FACIE FACT.

A presumption of law which may be disputed establishes a prima facie fact, which can only be overturned by evidence to the satisfaction of the jury.

12. INSURANCE ☞818(4) — CONSIDERATIONS IN DETERMINING WHETHER INSURED COMMITTED SUICIDE STATED.　　　　＼

In an action on a beneficiary certificate, defended on the ground that the deceased had committed suicide, the presence or absence of· motive, the physical facts surrounding death, the habits and temperament of insured, his domestic and social environment, and any statement evidencing the intention to commit the act, made previous to and near the time of death, may be considered in determining the question of whether he committed suicide.

13. INSURANCE ☞825(3)—WHETHER INSURED COMMITTED SUICIDE IS FOR JURY, UNLESS ONLY ONE INFERENCE MAY BE DRAWN FROM FACTS.

In an action on a benefit certificate, defended on the ground that the insured committed suicide, the general charge should not be given for the insurer on the ground that death was by suicide, where there are facts from which the jury might draw an inference that the death of the insured was the result of an accident or that his death may have been caused by other means rather than that of suicide.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**14. INSURANCE ☞819(4)—NOTE WRITTEN BY INSURED IMMEDIATELY BEFORE DEATH NOT CONCLUSIVE THAT HE COMMITTED SUICIDE.**

Note written by insured immediately prior to death, showing an intention to commit suicide, though important evidence on question of whether the insured committed suicide, was not conclusive, but was evidence to be considered along with all other evidence of the case.

**15. INSURANCE ☞825(3)—WHETHER INSURED COMMITTED SUICIDE HELD FOR JURY.**

In action on a benefit certificate, defended on the ground that the insured committed suicide, the question of whether death was by suicide *held* for the jury.

**16. APPEAL AND ERROR ☞294(1)—WITHOUT MOTION FOR NEW TRIAL COURT WILL NOT PASS ON SUFFICIENCY OF EVIDENCE.**

Where there was no motion for a new trial, the Court of Appeals is without power to pass upon the sufficiency of the evidence.

**17. APPEAL AND ERROR ☞209(2)—OMISSION OF PROOF NOT AVAILABLE ON APPEAL, WHERE NOT BROUGHT TO TRIAL COURT'S ATTENTION.**

In an action on a benefit certificate, the insurer cannot complain on appeal of plaintiff's failure to prove that proof of death had been furnished and payment had been demanded before commencement of suit, that policy was the property of plaintiff, and that insured died while in good standing, where the omission to make such proof was not brought to the trial court's attention, as required by circuit court rule 35 (175 Ala. xxi).

**18. APPEAL AND ERROR ☞835(2)—CONTENTION, NOT MADE IN BRIEF ON ORIGINAL SUBMISSION, NOT CONSIDERED ON REHEARING.**

Question as to sufficiency of proof, not raised in appellant's brief on the original submission, is waived, and will not be considered by the court on rehearing.

**19. INSURANCE ☞789(2)—DENIAL OF LIABILITY ON OTHER GROUNDS IS WAIVER OF NOTICE AND PROOF OF LOSS.**

Fraternal benefit society's denial of liability and refusal to pay on grounds other than the failure to make proof of loss was a waiver of notice and proof of loss.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Action by Mrs. L. A. Dennis against the Sovereign Camp Woodmen of the World. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied, 87 South. 620.

C. H. Roquemore, of Montgomery, for appellant.

The court was in error in not permitting defendant to file plea 3. Section 5369, Code 1907; 38 Ala. 44; 56 Ala. 27; 58 Ala. 365; 60 Ala. 425; 106 Ala. 303, 17 South. 395. The court was in error in refusing the defendant the affirmative charge. 75 South. 463; 103 Iowa, 395, 72 N. W. 559; 142 Fed. 678, 73 C. C. A. 668; 11 App. D. C. 417; (Tenn. Ch.) 57 S. W. 414.

W. L. & R. S. Parks, of Troy, for appellee.

It was within the discretion of the trial court to allow the filing of plea 3 or to refuse it. 140 Ala. 444, 37 South. 270; 161 Ala. 180, 49 South. 759; 195 Ala. 32, 70 South. 756. The complaint was good. 196 Ala. 327, 71 South. 404. On this authority the court properly denied the evidence of opinion as to whether or not it was a suicide. The questions presented were questions for the jury, and the court did not err in refusing to the defendant the affirmative charge.

SAMFORD, J. The complaint was in two counts as follows:

"(1) Plaintiff claims of the defendant $500, together with the interest thereon, due her under and by the provisions of that certain beneficiary certificate issued to L. B. Dennis, No. 83496, Alabama, by defendant on the 21st day of November, 1917, wherein it is provided that in case of the death of the said L. B. Dennis, while in good standing, should his death occur during the first year of his membership, defendant would pay to plaintiff, bearing relationship to the said L. B. Dennis of wife, said sum of $600. And plaintiff avers that the said L. B. Dennis, while in good standing, during the first year of his membership, died, and that the defendant has had due notice of his death, and has refused to pay to plaintiff the said sum of $600 which it agreed to pay, wherefore plaintiff brings this suit. Plaintiff alleges that said beneficiary certificate is the property of plaintiff.

"(2) Plaintiff claims of the defendant $500 due on a policy of insurance or beneficiary certificate issued by the defendant to L. B. Dennis on the 21st day of November, 1917, whereby the defendant agreed that if the said L. B. Dennis, while in good standing as a member of defendant, should die during the first year of his membership, it would pay, at his death, to plaintiff, bearing relationship of wife, the sum of $600. And plaintiff avers that the said L. B. Dennis, while in good standing as a member of said defendant fraternity, and during the first year of his membership, died, and that defendant has had due notice of his death, and has failed or refused to pay plaintiff the said sum of $600 which it agreed to pay, wherefore plaintiff brings this suit. Plaintiff alleges that said beneficiary certificate or policy is the property of plaintiff."

The complaint was demurred to, and the overruling of the demurrer is here assigned as error. The several counts of the complaint are similar to the complaint in Sov. Camp W. O. W. v. Ward, 196 Ala. 327, 71 South. 404, where this court held the allegations to be sufficient.

[1-3] As to the specific grounds of demurrer: The complaint alleges ownership of the certificate in plaintiff. Appellant insists that the complaint should allege that the defend-

ant was a fraternal organization, and therefore governed by other laws than those governing old-line insurance. Aside from the fact that, taken as a whole, the complaint, in itself, would meet this ground of demurrer, in that the fact that defendant is a fraternal organization may be well inferred from the statement and allegation, we do not think the complaint is demurrable on that ground, and defendant's counsel cites no authority to sustain his contention. The contract sued on, whether in a fraternal or an old-line company, insured the life of plaintiff's husband, for her benefit, against death, while deceased was in good standing. If there was any law, entering into and modifying the contract, by reason of defendants being other than a regular insurance company, that fact was the subject of defense, and not of original allegation and proof by plaintiff. The complaint alleged that the deceased was in good standing at the time of his death, and was equivalent to an allegation that he had complied with all the necessary conditions of the contract of insurance.

[4] The contract of insurance is that the company will pay in case of death, while the insured is in good standing. Violation of conditions attached to the contract are matters of defense, and are not subject of allegation in the complaint.

[5, 6] The allowance by the court of an amendment to the complaint by changing the amount claimed to $600, instead of $500, after the testimony had been gone into, is not governed by Code 1907, § 5369, but by section 5367, under which the trial judge has a discretion, and in this instant appellant was not injured, in that the verdict was evidently based on the original amount claimed.

[7, 8] After the pleadings had been settled, and after plaintiff had introduced her testimony and rested and defendant had examined three of its witnesses and on the second day of the trial, defendant offered and asked leave to file plea No. 3 as follows:

"For further answer to the complaint, and each count thereof, separately and severally, the defendant says that on, to wit, November 10, 1917, the said L. B. Dennis made a written application to join the defendant order, which application is and constitutes a part of the contract sued upon. That said application contains the following provision and condition: 'I hereby certify and agree and warrant that all the statements, representations and answers in this application, consisting of two pages as aforesaid, are full, complete and true, whether written by my own hand or not, and I agree that any untrue statement or answers made by me in this application, or of the examining physician, or any concealment of facts in this application, or to the examining physician, intentional or otherwise, my beneficiary certificate shall become void, and all rights of any persons thereunder shall be forfeited.'

"That on the second page on said application, the following question and answer is contained: 'Is your life insured?' 'No' 'If so, state the amount, when and company?' Answer: '——.' Said application also contains the following: 'For the purposes of this application, I declare and warrant the foregoing answers and statements to be correct.'

"The defendant alleges that said warranty is untrue in this: That said L. B. Dennis did have at the time life insurance in the Franklin Life Insurance Company in the amount of $1,000, wherefore said certificate sued upon is null and void, and defendant is not indebted to plaintiff."

The court asked defendant's counsel: "Have you just found out those facts? to which counsel replied:

"No, I've known it for some time; but I did not plead it because I did not expect the father of this man would swear that he did not know his son's handwriting."

The court then refused to allow the filing of the amendment, and the defendant excepted. This was discretionary with the trial judge, which will not be disturbed, unless this court is clearly convinced that the action of the court was an abuse of discretion, amounting to a denial of justice. The plaintiff having introduced his evidence and rested his case, the refusal to allow defendant to file plea 3 at the time offered rested within the discretion of the court, and in this case we cannot say that the discretion was abused. L. & N. R. R. Co. v. Wynn, 166 Ala. 413, 51 South. 976; Leader v. Mattingly, 140 Ala. 444, 37 South. 270. This ruling is not governed by Code 1907, § 5369, but by Code, § 5367.

[9] A witness, who examined the body of deceased, at the place where found, together with the locus in quo, is not qualified as an expert in that sense as that he can give as evidence his opinion as to the cause of death. He may testify to the facts, but the jury must draw the conclusions. Sov. C. W. O. W. v. Ward, 196 Ala. 327, 71 South. 404.

[10] The remaining question is the refusal of the court to give at the request of defendant in writing the general charge. Defendant insists that this case comes within the rule laid down in the Hackworth Case, 200 Ala. 87, 75 South. 463. In that case the Supreme Court makes the statement that, "The direct and positive evidence shows that the insured shot himself intentionally," while the facts in the instant case are entirely circumstantial, with an evidentiary presumption in favor of plaintiff and the burden of proving suicide to the reasonable satisfaction of the jury resting on defendant. Under our practice the court would not have been authorized to direct a verdict. The refusal to give the general charge as requested was without error.

We find no error in the record and the judgment is affirmed.

Affirmed.

BRICKEN, P. J., being interested not sitting.

## On Rehearing.

The principal defense in this case is that the insured committed suicide. There is a clause in the policy to the effect that if the insured shall commit suicide, whether sane or insane, the policy shall become void. The defendant on the trial pleaded this clause in bar of the action. The burden was on the defendant, to establish this fact, to the reasonable satisfaction of the jury, and it is here insisted that the trial court committed error in refusing to charge affirmatively that the fact of suicide had been so established. The insured was found dead in his home on a Saturday in May, his body was stiff, and a gunshot wound was in his left side, ranging up and through the back. He was lying on the floor, dressed in clean overalls and underclothes, and a small single barrel shotgun, recently fired, was near his body, partially between his feet; the front door was locked, and the window down, and the rear door was shut; there was an impress on the side of the bed near the body, as if some one had recently sat there, and lying on the bed were a knife, two loaded shells, and some tobacco; there was powder burns on the body. Every inference to be drawn from the facts and circumstances surrounding the dead man would indicate that the deceased was shot with and by the gun found in the room and the entire absence of any evidence of any attack from another would lead to the conclusion that the deceased either intentionally or accidentally killed himself. On the outside of the room, on the front porch, under a hat, shown to be the hat of deceased, was a memorandum book of deceased in which was written, in deceased's handwriting a note dated May 17th and addressed to J. A. Dennis, father of deceased, as follows:

"Dear farther an mother, I will write you all the last of my rezines Tell you all Farewell with the best off peace and hope to God this wont shock you all For you know I am crazy and lost my mind But do ask you all to do better and as offten as you see Lizzie and my sweet baby teatch him Do good and to think off the way his Daddy Doing was rong. Papa you take my crop and make you something out off, if you can I will remain your boy.

"[Signed] L. B. Dennis.

"My coat is at Freeman Flowers store. Now Lizzie I want you to go back to you Pa."

The coat was found as indicated. There was an entire absence of any motive shown for suicide, or that deceased was otherwise than in his right mind when last seen alive. His domestic and social environments were apparently pleasant and nothing was shown to indicate financial embarrassment. He was in good health and going about his daily work in the usual way. The presumption of law is against suicide, and will stand and be decisive of the case until overcome by testimony which shall outweigh the presumption. Standard Life Ins. Co. v. Thornton, 100 Fed. 582, 40 C. C. A. 564, 49 L. R. A. 116. To overcome this presumption, where the evidence is circumstantial the party making the averment must prove it by facts which exclude every reasonable hypothesis of natural or accidental death. Lindahl v. Supreme Ct., I. O. F., 100 Minn. 87, 110 N. W. 358, 8 L. R. A. (N. S.) 916, 117 Am. St. Rep. 666; Life Ins. Co. of Va. v. Hairston, 108 Va. 832, 62 S. E. 1057, 128 Am. St. Rep. 989; Met. Life Ins. Co. v. Devault, 109 Va. 392, 63 S. E. 982, 17 Ann. Cas. 27.

At the common law suicide was a felony, and in Alabama is a crime involving moral turpitude. The presumption is that a person is innocent of crime until his guilt is established by evidence beyond a reasonable doubt. 4 Michie's Digest, p. 119, § 182, and authorities there cited. This presumption of innocence remains until a jury is convinced from evidence of the guilt of the accused. Rogers v. State, 117 Ala. 192, 23 South. 82. This presumption of innocence is to be regarded as a matter of evidence, and to be considered and weighed by the jury, until the other facts and circumstances in the case are sufficient to overturn it. Bryant v. State, 116 Ala. 445, 446, headnote, 23 South. 40. While the measure of proof necessary to overcome this presumption differs somewhat in civil and criminal cases, the one being as hereinabove stated and the other, "beyond a reasonable doubt," the presumption as an evidentiary fact is the same in civil as in criminal cases, the rule being stated by Mr. Hughes in his work on evidence as follows:

"This presumption obtains in both civil and criminal cases; and when the question of guilt is raised either directly or indirectly." Hughes on Ev. par. 8.

[11] A presumption of law which may be disputed establishes a prima facie fact, which can only be overturned by evidence to the satisfaction of the jury. Hughes on Ev. § 6; Maisel v. State, 81 South. 348; [1] Roman, Trustee, v. Lentz, 177 Ala. 64–71, 58 South. 438; State v. Kelly, 22 N. D. 5, 132 N. W. 223, Ann. Cas. 1913E, 974; Re Cowdry, 77 Vt. 359. [2] The cases of L. & N. Ry. v. Marbury L. Co., 125 Ala. 254, 28 South. 438, 50 L. R. A. 620, and A. G. S. Ry. v. Moody, 90 Ala. 46, 8 South. 57, dealt with mere presumptions of fact, indulged mainly for the purpose of putting the defendants to proof and compelling them to explain and show, with fair degree of certainty, that they had performed their duty. Roman, Trustee, v. Lentz, supra.

[12, 13] In determining whether the death of the insured was caused by suicide, there are many circumstances which are of weight. Among the things important to be considered are the presence or absence of motive (O'Connor v. Modern W. O. A., 110 Minn. 18, 124

---

[1] Ante, p. 12.  [2] 60 Atl. 141, 3 Ann. Cas. 70.

N. W. 454, 25 L. R. A. [N. S.] 1244); physical facts surrounding death (Johns v. N. W. Mutual R. A., 90 Wis. 332, 63 N. W. 276, 41 L. R. A. 587); habits and temperament of the insured, his domestic and social environment (Tackman v. B. of A. Yeoman, 132 Iowa, 64, 106 N. W. 350, 8 L. R. A. [N. S.] 974), any statement evidencing an intention to commit the act, made previous to and near the time of death. But where there are facts from which the jury might draw an inference that the death of the insured was the result of an accident, or that his death may have been caused by other means, rather than that of suicide, the general charge should not be given. McMillan v. Aiken Ala. Supreme Ct., 87 South. 135, Nov. term 1920, 1 Div. 127; Ringeman v. Wiggs Bros., 146 Ala. 685, 40 South. 323; [3] Amerson v. Corona Coal Co., 194 Ala. 175, 69 South. 601. In the McMillan Case, supra, Mr. Justice Thomas, writing for the court, said: "The jury may draw such inferences from the facts proved as they believe reasonable." In the McMillan Case, supra, Justice Thomas has gone to great pains to collate and digest the decisions on this point, which we here adopt. Whatever may be the rule in other jurisdictions, our court holds that where there is a scintilla of evidence from which a contrary inference might be drawn, the affirmative charge should not be given.

[14-16] The note written by the deceased prior to his death was important as evidence, being a declaration of intention on the part of deceased, but declarations of parties while evidence against them are not conclusive, but are to be considered along with all the other evidence in the case. The question was primarily one of fact for the jury, and the learned judge trying the case properly so held. There was no motion for a new trial, and we are without power to pass upon the sufficiency of the evidence.

We adhere to our former ruling as to the discretion of the court in allowing the filing of the amendment to the pleas. There is no rule better settled than that parties cannot be allowed to speculate in the trial of causes in the courts.

[17-19] The contention now made, that the plaintiff has failed to make out her case by reason of a failure to prove that defendant had been furnished proof of death and demanded payment before suit brought, and that the policy was the property of plaintiff, and that insured died while in good standing, is without merit: (1) Because the omission to make this proof, if such were not the case, was not brought to the attention of the trial court, as required by Circuit Court Rule 35, 175 Ala. xxi. (2) The contention was not

made in brief on the original submission, and is waived. (3) Proof was made that the defendant denied liability on other grounds. Where this is the case, such denial and refusal to pay is a 'waiver of notice and proof of loss. Joyce on Ins. vol. 5, § 3373. (4) There was evidence tending to establish proof of death, demand, the ownership of the policy in plaintiff, and that insured was in good standing at the time of his death. We see no reason for changing the conclusions heretofore reached, and the application for rehearing is overruled.

---

[3] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in Ala.