VACEK, Respondent, vs. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

*December 6, 1937—January 11, 1938.*

For the appellant there was a brief by *Lines, Spooner & Quarles,* attorneys, and *L. S. Clemons* of counsel, all of Milwaukee, and oral argument by *Mr. Clemons.*

*James S. Fornary* of Racine, for the respondent.

FAIRCHILD, J.   The presumption against self-destruction, of which plaintiff speaks, is of a rebuttable character, and

it is here rebutted by physical facts so conclusive as to leave no issue of fact in the case.

The insured was in a hospital. A nurse saw him lying in his bed at 6:10 on the morning of February 7th. An attendant entered his room at 6:25 a. m. and noticed that he was in his bed and apparently asleep. At that time the window was closed. As the attendant left the room, the door was left open according to the usual practice. The witness testified that she was pursuing her usual duties when, a few moments after leaving his room, she heard the door slam, returned, found the bed empty, the window open, and upon looking out of the window saw the patient on the ground below. Two hours later the patient died as a result of his injuries. It appears from the evidence that for some time preceding his death, because of excessive drinking, the insured had been experiencing difficulty in his home. His wife had endeavored to prevail upon him to discontinue the habit, and he had submitted to treatment. There is evidence that about a year before his death he had been arrested for having in his possession a revolver. There is evidence that at different times he had threatened suicide, and at times had repeated the threat, accompanied by a threat to kill his wife and children; that he had threatened to drive his car into a train. Plaintiff stated that these threats were made at a time when the insured was under the influence of liquor; that he never threatened to kill himself alone, and always included the plaintiff and the children in the threats. A divorce action had been begun, and shortly before the death of insured the plaintiff had been granted a divorce. There was evidence that between the granting of the divorce and insured's death there had been some talk of reconciliation, and that on the night preceding there had been an arrangement for a meeting between the two. In addition, and more controlling than the evidence of motive or previous suicidal intent, are physi-

cal facts which stand in the way of a presumption against suicide. The room of the hospital in which the insured was had only one window, and in front of it, and extending its full width, stood a radiator, two feet three and one-half inches high and eight inches wide. There was a space of two and one-half inches between the radiator and the wall of the room. The window sill was about the height of the radiator and was four and seven-eighths inches wide from the inside edge to the window sash. The sash itself was one and three-fourths inches thick, and to the outermost edge of the sill the distance was eleven and one-half inches. The measurement from the room side of the radiator to the outside edge of the window sill was two feet four inches, so that one standing on the floor would have that distance between him and the outside of the window. In order to precipitate himself from the window he would not only have to traverse that horizontal distance, but he would have to overcome the fact that the sill and top of the radiator were two feet three and one-half inches from the floor. The insured was five feet ten inches tall. With his feet on the floor, bending forward at a right angle over the radiator and window sill, there would be a possibility of the top of his head being fourteen inches beyond the outer edge of the sill. Without some determination on his part to get out of the window, there is no likelihood that he would have been overbalanced by any sudden movement of his. On this state of the record, it was the trial court's duty to direct a verdict in favor of defendant. *Johns v. Northwestern Mutual Relief Asso.* 90 Wis. 332, 63 N. W. 276; *Agen v. Metropolitan Life Ins. Co.* 105 Wis. 217, 80 N. W. 1020.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.