Pending decision of this question, we file this memorandum in order to dispose of the other question involved.

---

## HATTNER v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 6, 1923.)

No. 3802.

1. **Criminal law ⟫196—Discharge under one information held not to preclude prosecution under another for same transaction.**

Where, in a prosecution for maintaining liquor nuisance at a certain address, in violation of the National Prohibition Act, tit. 2, the jury was discharged because proof showed the nuisance was maintained at another address, accused was not twice put in jeopardy by the prosecution of a second information charging the same offense at the correct address, since under section 21 the specific building or place where the liquor is made and kept is material, and the facts necessary to conviction under the first charge would not support conviction under the second charge, or vice versa.

2. **Intoxicating liquors ⟫143—Maintaining nuisance implies continuity of action for substantial period.**

National Prohibition Act, tit. 2, § 21, penalizing as a nuisance the maintaining of premises on which liquor is manufactured and sold, implies a continuity of action for a substantial period.

In Error to the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Israel Hattner was convicted of violating National Prohibition Act, and he brings error. Affirmed.

Larry Bevan, of Toledo, Ohio, for plaintiff in error.
George E. Reed, Asst. U. S. Atty., of Toledo, Ohio.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiff in error was prosecuted by information containing three counts, under the National Prohibition Act (41 Stat. 305)—the first and second charging, respectively, unlawful possession and unlawful manufacture of intoxicating liquor at Toledo, Ohio, without statement of specific location; the third count charging the maintaining as a common nuisance of "a place at No. 2057 North Fourteenth street" in Toledo, Ohio, "where intoxicating liquor was kept and manufactured in violation of Title 2 of the National Prohibition Act."

---

⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] On the trial, upon its appearing by the testimony of two witnesses that the nuisance was maintained at No. 3428 Ursula boulevard, in Toledo (there being no evidence of such maintaining at No. 2057 North Fourteenth street), the jury was immediately discharged. On the same day plaintiff in error was again arraigned on an information differing from the earlier one only in that the alleged nuisance was charged to have been maintained at No. 3428 Ursula boulevard. On the trial under this second information a motion of plaintiff in error for discharge, on the ground of former jeopardy, was granted as to the first and second counts, and denied as to the third, under which third count there were conviction and sentence to imprisonment and payment of a substantial fine and costs.

We think it clear that plaintiff in error was not twice put in jeopardy upon the charge of maintaining a common nuisance. Under section 21, title 2, the specific place of maintaining the nuisance is important, and material. The specific "building * * * or place" where intoxicating liquor was made and kept is declared to be a common nuisance. The one maintaining this specific nuisance is made subject to prosecution therefor, and guilty knowledge of such use by the owner of the building or place makes the same subject to lien for and liability to be sold to pay the fine and costs against the convicted defendant. It was thus material whether the place of maintaining the nuisance was alleged or proven as at the one location or the other. There is no claim that the two locations were substantially the same. In denying the motion for discharge under the third count the trial judge said that the two charges were "as distinct as any two sets of facts, with three or four miles separating them, are distinct from each other. * * * A man cannot be said to be guilty of committing a nuisance in one place because the evidence tends to show he is guilty of committing precisely the same kind of nuisance in another place." Indeed, one might be convicted under separate informations of maintaining a nuisance at one and the same time at each of the two places.

[2] Upon the facts, conviction under the first charge was thus impossible. The facts necessary to conviction under the first charge would not support conviction under the second charge, or vice versa. On the contrary, they were "so different as to preclude the same evidence from sustaining both." The two offenses in question were thus not the same in law and in fact. Even a conviction under the first and second counts would be no bar to conviction under the third count. The conviction was not of an isolated manufacture or possession. Maintaining a nuisance, as punished by section 21, "implies a continuity of action for a substantial period." Reynolds v. United States (C. C. A. 6) 282 Fed. 258. That trial under the first information, until its futility affirmatively appeared, did not constitute former jeopardy is expressly, or by necessary implication or analogy, supported by the following cases: Burton v. United States, 202 U. S. 344, 380, 381, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Murphy v. United States (C. C. A. 8) 285 Fed. 814; Lucas v. United States (C. C. A. 8) 275 Fed. 406; Ruling Case Law, title "Criminal Law," §§ 128–130.

The judgment of the District Court is affirmed.