### SAVAGE v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. January 9, 1924.)

No. 2135.

1. **Criminal law ☞1134(9)—Exceptions to rulings on former trial not reviewed.**

Exceptions to rulings on a trial which resulted in a disagreement are of no avail on appeal from a conviction on a second trial.

2. **Criminal law ☞1169(2)—When admission of incompetent evidence is without prejudice.**

A judgment will not be reversed, because of the admission of incompetent evidence, where the other evidence which was uncontradicted, would require the same verdict.

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling; William E. Baker, Judge.

David A. McKee, of Wheeling, W. Va., for plaintiff in error.

T. A. Brown, U. S. Atty., and H. D. Matthews, Asst. U. S. Atty., both of Parkersburg, W. Va.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. The information in this case charged, first, that the defendant, on or about the 4th of June, 1922, did unlawfully and knowingly possess property designed for the manufacture

of liquor intended to be used in violation of section 25 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m) passed on the 28th of October, 1919, to wit, 10 gallons mash, one 30-gallon copper still complete, and eight 50-gallon mash barrels; second, that the defendant had theretofore been previously convicted of a similar offense under the said act. The case was tried on the 25th and 26th of October, 1922, and resulted in a hung jury, and was retried on the 10th of November, 1922, resulting in a verdict of guilty against the defendant, on which the judgment complained of was duly entered, and the defendant sentenced to imprisonment in the Ohio county jail for the period of 90 days, from which action the writ of error in this case was sued out.

The assignments of error present generally the question of the alleged illegal search of the premises of the plaintiff in error; that testimony was erroneously admitted against him in connection with the proof of the offense covered by the second count in the information; and error in rulings of the court in respect to the admission and exclusion of testimony, and to the charge of the court to the jury.

[1] The record contains, as appears by the bills of exception, the proceedings and action of the court at both trials; that is, the one in which there was a disagreement of the jury, as well as the other where there was a conviction. As far as we can judge from the record, the exceptions, save as to the admissibility of the testimony because of the illegal search, apply to the court's ruling and action at and during the first trial, when there was a disagreement of the jury, and hence are of no avail to the defendant upon the second trial.

[2] The case may not be entirely free from difficulty upon the questions arising from the alleged illegal seizure; but, when the same are considered in the light of the other testimony adduced on behalf of the government, the plaintiff in error offering no testimony, there appears to be no reason why the action of the lower court should not be affirmed, as, independent of anything that occurred in connection with the seizure, the testimony is ample to require the verdict of guilty rendered.

The judgment of the District Court will be affirmed.