## HEITMAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 25, 1925.)

No. 4393.

1. **Indictment and information ⚷175—Where place is necessary part of description of offense, it must be proved as laid.**

Where offense has no essential connection with place where committed, though charged to have been committed in particular location, it may be proved to have been committed anywhere within jurisdiction, though where charge is for offense local in nature, as larceny, burglary, or nuisance, allegation of place is necessary part of description of offense, and must be proved as laid.

2. **Criminal law ⚷346—Indictment and Information ⚷175—Place of maintenance of liquor nuisance must be proved as laid.**

Under National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), where information charged maintenance of liquor nuisance at particular place, it was necessary for government to prove maintenance at that place, and defendant had right to introduce testimony to prove that place described in information was not where alleged offense was committed.

3. **Criminal law ⚷369(6)—In prosecution for maintenance of liquor nuisance, evidence tending to show defendant's implication in prior attempt to violate prohibition law held improperly admitted.**

In prosecution for maintenance of liquor nuisance, it was error to permit state's witness to testify that on prior occasion he, with others, had found defendant and another repairing barn for operation of illicit distillery.

4. **Criminal law ⚷1169(2)—Guilt of maintenance of liquor nuisance held not so clearly established as to render receipt of incompetent evidence nonprejudicial.**

Guilt of maintenance of liquor nuisance held not so clearly established as to render receipt of incompetent evidence nonprejudicial.

Gilbert, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Henry Heitman was convicted of maintaining liquor nuisance, and he brings error. Reversed and remanded.

Edward A. O'Dea, of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Heitman was convicted under an information charging, in count 1, that he maintained a common nuisance on or about June 4, 1923, at 950 Hampshire street, San Francisco, and, in count 2 that, at the above-described place he possessed certain intoxicating liquor, and, in count 3, that at the same time and place he had in his possession certain property designed for the manufacture of intoxicating liquor.

There was testimony on behalf of the government that a still and a quantity of liquor, described in the information, were found in a loft of a building at 950 Hampshire street, San Francisco, and that defendant had been seen entering the building in which the liquor and still were found, although he was not there when arrested. One of the witnesses for the prosecution testified that he rented the upper floor of the building in which the liquor and still were found to one Harris; that the premises were at 590 Hampshire street, San Francisco. Defendant introduced testimony to the effect that 950 Hampshire street was three or four blocks away from 590 Hampshire street, and that the paint shop with the loft upstairs, which had been described by the witness, was at 590 Hampshire street, but, on motion of the prosecuting attorney, all that testimony was stricken out as immaterial. Defendant excepted. In his own behalf defendant testified that he was arrested at 590 Hampshire street and not at 950; that he did not own the property designed for the manufacture

of liquor or the liquor; that he did not know of the manufacture of liquor; that he went to visit a friend in the office at 590 Hampshire street; but that the office was not in the place where the still was found.

The court instructed the jury that, while there appeared to be a discrepancy in the number of the street at which the still was found, the jury was not to consider that. "The question," said the court, "as to whether or not it was 950 or 590 is of no concern in this case whatsoever, if you find that a still was actually found there." Upon that theory the court refused defendant's request to charge that, if it were found from the evidence that liquor was not kept for sale at 950 Hampshire street in San Francisco, then defendant must be acquitted of the charge of maintaining a common nuisance in violation of section 21, tit. 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj). Exception was saved.

Section 21, tit. 2, of the National Prohibition Act, provides that any room, house, or place where intoxicating liquor is manufactured, sold, kept, or bartered, in violation of title 2, and all intoxicating liquor and property kept and used in maintaining the same, are declared to be a common nuisance, and any person convicted of maintaining a common nuisance shall be fined, etc.

[1] The better rule is that an offense which has no essential connection with the place in which it is committed, although charged to have been committed in a particular location, may be proved to have been committed anywhere within the jurisdiction, but that, where the charge is for an offense in its nature local, as in cases of larceny in a building, burglary, or nuisance, the allegation of the place is necessary part of the description of the offense, and must be proved as laid. Commonwealth v. Heffron, 102 Mass. 148; Wertz v. State, 42 Ind. 161; People v. Slater, 5 Hill (N. Y.) 401.

In State v. O'Neal, 19 N. D. 426, 124 N. W. 68, defendant was indicted for keeping and maintaining a common nuisance, contrary to the provisions of the state prohibition law. The place was particularly described, but the evidence showed that it was committed on a different subdivision of land from that set forth in the information. The court referred to the generally commended rule that, in charging the keeping and maintaining of a common nuisance, the proof must conform to the allegation, and said that "this is the rule, although it was not necessary to describe the place with particularity in the first instance." State v. Kelly, 22 N.

D. 5, 132 N. W. 223, Ann. Cas. 1913E, 974; Bishop's Criminal Procedure, § 485.

In Hattner v. United States (C. C. A.) 293 F. 381, where defendant was charged with maintaining a common nuisance at 2057 North Fourteenth street in Toledo, Ohio, and the evidence showed that the nuisance was maintained at a certain number on another street in Toledo, the court held that the facts necessary to conviction under the one charge would not support conviction under the other, and that a man cannot be said to be guilty of maintaining a nuisance in one place, because the evidence tends to show he is guilty of committing precisely the same kind of nuisance in another place.

[2] We therefore hold that, inasmuch as the information against Heitman specifically described the place where the alleged nuisance was maintained, it was incumbent upon the prosecution to prove that the alleged nuisance was maintained at that place. It follows that defendant had a right to introduce evidence tending to prove that the place described in the information was not where the alleged offense was committed, and that the court was in error in striking out the testimony heretofore referred to, and in refusing to instruct as requested by defendant.

We now turn to questions arising out of the conviction under counts 2 and 3.

[3] A witness for the government, after testifying that he knew the defendant, was asked whether he ever had had occasion to arrest defendant. Counsel for defendant objected on the ground of incompetency, and stated that if there were any records which could be produced they should be. The court overruled the objection, and exception was preserved. The witness answered that he had had occasion to arrest defendant at a place called Vallimar. The prosecuting attorney then asked what defendant was doing there at that time. Objection was overruled, and exception was preserved. Witness said that at the time in Vallimar defendant was in a barn with another man who had also been arrested; that they were there tacking up black paper around the barn, "and were preparing to operate an illicit distillery; they had a large tub there in the center; evidently it was for a worm tap; there was no worm there, and no still at that time." Witness said that the defendant and the other man came out of the barn and laughed at them, saying, "You fellows are just about a week ahead of time." Question was then asked by defendant's counsel whether or not defendant had been convicted in that matter, to which witness replied that he-

had not, and had not been arrested. Counsel for defendant then asked that the testimony be stricken out, but the court overruled the objection, and defendant saved an exception.

The obvious purpose of the prosecution in introducing such evidence was to impress the jury with the belief that defendant, at some previous time, at another place, was implicated in an attempt to violate the prohibition law. The matter was wholly apart from the issue to be tried, and the tendency of it was to take the minds of the jurors away from the material questions before them, and to give the impression that defendant, by reason of previous criminal acts, was unworthy and therefore probably guilty of the charge upon which he was being tried. It was clear error to allow the evidence to go to the jury. Jianole v. United States (C. C. A.) 299 F. 496; Beyer v. United States (C. C. A.) 282 F. 225; Souza v. United States, 5 F.(2d) 9, April 27, 1925.

[4] Nor is the case one where the guilt of the defendant, of the particular crime charged, was so clearly established that the court can say the error was not prejudicial. Defendant was entitled to be tried upon competent evidence, and only for the offense charged.

The judgment is reversed, and the cause is remanded for a new trial.

GILBERT, Circuit Judge (dissenting). I agree that there was failure to sustain the count which charged the maintenance of a nuisance. I cannot agree, however, that the judgment on the other counts should be reversed. The officers took possession of the premises on which there was in operation a large still, supplied with an abundant quantity of material for the manufacture of moonshine whisky. Prior to that time the plaintiff in error had been under observation, and on several occasions had been followed by one of the officers to the premises upon which the still was operated. While the officers were in possession of the premises, they arrested the plaintiff in error under the following circumstances: They had taken in charge the man who, as manager, was conducting the distilling operations. The plaintiff in error approached, and the manager said to the officers: "Here is one of them." The officer replied: "Who operates the still?" And he said: "Yes." "All right, Mr. Heitman," the officer said, "you are under arrest." The plaintiff in error said: "Can't we fix it up?" And a little later he said again: "Can't we fix it up, fellow, I am in a jam." He made no response to the statement of the manager, made in his presence, that he was one of the men engaged in operating the still. And when testifying on his own behalf he made no denial of any of the items of the evidence above set forth. That evidence, I submit, was ample to prove the charge.

But it is held by the majority of the court that the judgment should be reversed because testimony was erroneously admitted that, on a prior occasion, the plaintiff in error and another were seen in an old barn in a canyon, tacking up black building paper around the walls, and preparing to operate an illicit distillery. "They had," said the witness, "a large tub there in the center. Evidently it was for a worm tap. * * * They came out, and laughed at us, and said, 'You fellows are just about a week ahead of time.'" Where the other evidence, as in this case, clearly establishes the guilt of the accused, I can see no justification for setting aside the judgment obtained thereunder, merely because of the erroneous admission of evidence of the prior activities of the accused in the line of illicit distilling, and I submit that to do so is to exalt unduly a mere technicality. In a similar case, Judge Rogers said: "The objections of the defendant must be serious and clearly prejudicial to justify the court in reversing the judgment and compelling the government to put this man again on his trial." Fitter v. United States, 258 F. 567, 169 C. C. A. 507. Other cases in point are Forni v. United States (C. C. A.) 3 F.(2d) 354; Raine v. United States (C. C. A.) 299 F. 407; Simmons v. United States (C. C. A.) 300 F. 321; Savage v. United States (C. C. A.) 295 F. 686; Jones v. United States (C. C. A.) 296 F. 632; Simpson v. United States (C. C. A.) 289 F. 188.