## BLAUSTEIN et al. v. UNITED STATES.
### No. 4365.

Circuit Court of Appeals, Third Circuit.
July 15, 1930.

Rehearing Denied Dec. 6, 1930.

164 .

Max V. Schoonmaker, of Pittsburgh, Pa., for appellants.

Louis E. Graham, U. S. Atty., of Beaver, Pa., and Raymond D. Evans, Asst. U. S. Atty., of Pittsburgh, Pa.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

This is an appeal by Blaustein, Sokol, and Stein, three of the original defendants, from the judgment and sentence of the District Court for the Western District of Pennsylvania. The bill of indictment charged the above defendants, and two others, in the first count, with conspiracy to unlawfully and willfully manufacture intoxicating liquor in violation of the Volstead Act (27 USCA), certain overt acts being set forth.

The second count charged a conspiracy to unlawfully and willfully have and possess intoxicating liquors, and the third count with unlawfully and willfully possessing material and property designed for the manufacture of intoxicating liquors.

The fourth, fifth, sixth, and seventh counts charged, respectively, unlawful possession, unlawful manufacture, unlawful possession of material and property designed for manufacture, and unlawful transportation of whisky.

Two of the original defendants, Bodnar and Williams, on motion, succeeded in quashing a search warrant, which was issued for the search of premises on Montezuma street, Pittsburgh, where the liquors in question were found.

On the trial of the case, the three appellants and the other defendants were found guilty on the first, second, and third counts, and not guilty on the last three counts of the indictment. A motion for a new trial and in arrest of judgment being filed and argued, the motion for a new trial was granted as to Bodnar and Williams, and refused as to the appellants, Blaustein, Sokol, and Stein. These three defendants were thereupon each sentenced to imprisonment in the Allegheny county jail for the term of six months. On their appeal to this court, an order of supersedeas was granted.

The assignments of error relate to the alleged erroneous admission of evidence, and the court's refusal of appellants' motion for a discharge and a directed verdict of not guilty, at the close of the government's case.

It is complained by appellants that it was incompetent and prejudicial to allow the proof of certain other offences against the Volstead Act, which were not charged in the indictment. This, of course, as a general proposition, is true, but the charge here was conspiracy, which opens a rather wide door for proof. Conspiracy may be shown by direct and positive evidence, by declarations or writings, or by circumstantial evidence, such as show that the parties acted together or in concert, in a manner, under the circumstances, warranting the belief that their acts were the result of previous understanding and agreement between them. The evidence must be critically examined to determine whether the unlawful combination existed. If it did exist, at common law, the offense would be complete; but under the statute there must be shown, in addition, that one or more of the parties charged did some act in furtherance of the unlawful combination. Many overt acts may be set forth, some of which may be offenses against the law, and others may not be. It is not necessary that all the overt acts be proved. It is sufficient if only one such act is established by the evidence. While a separate offense against one

or more of the defendants may not, as a rule, be shown, yet, if that transaction is so linked up as to show, or tend to show, the unlawful combination between the defendants, constituting the conspiracy, the evidence is competent for that purpose, and for that purpose alone.

A careful examination of the record fails to satisfy us that there was sufficient evidence to sustain the judgment against Stein. As to Blaustein and Sokol, the assignments of error must be overruled. The judgment against Stein is reversed, and the judgment against Blaustein and Sokol is affirmed.