**TODD et al. v. UNITED STATES.**
No. 5958.

Circuit Court of Appeals, Fifth Circuit.
April 4, 1931.
Rehearing Denied May 5, 1931.

Morris M. Givens and C. J. Hardee, both of Tampa, Fla., for appellants.

W. P. Hughes, U. S. Dist. Atty., of Jacksonville, Fla.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

HUTCHESON, District Judge.

In this case, upon the trial of an indictment joining three counts, one against Chevis, one against Todd, and one against Todd and Day jointly, Chevis was acquitted, and Todd and Day found guilty as charged.

The first count charged in substance that on the 8th day of October, 1929, at Tampa, Hillsborough county, Fla., one T. M. Chevis had in his unlawful possession one pint of whisky; the second that Pirl Todd did, on the same day and in the same place, have in his possession intoxicating liquors, to wit, 59 bottles of home-brew beer, containing one-half of 1 per cent. and more of alcohol by volume fit and intended for use for beverage purposes, while the third count charged that, on the same day and in the same city and county, Pirl Todd and Leo Day did "unlawfully, willfully and knowingly maintain a common nuisance, that is to say, a certain one story frame building, located at 713 Morgan Street, city, county and district aforesaid, where intoxicating liquors containing ½ of 1% of alcohol by volume were then and there unlawfully kept for sale and sold for beverage purposes."

The United States established by the uncontroverted testimony of its witnesses, the defendants offering no proof, that there were two small buildings, with a space six or eight feet between, one numbered 713 Morgan street, known as Leo Day's place, the other known as the tire shop; that the rear of the tire shop and of 713 Morgan street were connected by a shed; that Day owned and maintained 713 Morgan street ostensibly as a taxi stand; but that it had long had the reputation of being a place where intoxicat-

ing liquors were commonly sold; that the place had been under more or less constant observation; that many persons had been seen, especially at night, going into Day's place; cars had been seen to drive up and drive away, while one McMurray had been arrested in connection with some liquor in a garbage can in a vacant lot back of the place; that Day had on that occasion advised the officers that McMurray was working for him at 713 Morgan street; that he (Day) was in the bootlegging business, and everybody knew it; that McMurray was his man; and that he would plead him guilty.

There was no direct proof as to whether Day owned, or did not own, the "tire shop" building, but the proof was ample to sustain the conclusion that he had control at least of the back part of it, where the liquor was found. One of the government's witnesses testified:

"I never at any time found liquor, wine, beer, or any intoxicating liquor, in the place at 713 Morgan Street; they do not keep liquor in that place. It is in a frame building to the south of it. I found the liquor or the beer in the rear of the tire place to the south of it where the little locked room was. There is a little walkway between the two buildings wide enough for a man to walk through. It is a separate building, but there is a shed that goes back that connects both of them."

There was testimony that Day and Todd had been frequently seen hanging around this place. The testimony as to the occurrences on October 8th, when the arrests out of which this indictment grew were made, is to the effect that prohibition officers, having seen Chevis stop in front of Day's place, 713 Morgan street, and Todd, the waiter, come out of there, talk to Chevis, go back into the building, go around behind and to a little shed room in another building about eight feet back of 713 Morgan street, and come out with a bottle partly wrapped which he gave to Chevis, had accosted Chevis and seized the bottle, which proved to be whisky; that immediately thereafter, seeing Todd, the waiter, who, after delivering the bottle to Chevis, had gone back to the little room at the rear, come out of there and go into 713 Morgan street with a bottle in his hand, he had followed him in in time to see him throw the bottle out of the window, and to see the broken bottle and contents on the ground. This bottle also had contained whisky.

Having arrested Chevis and Todd, he then went back to the little building whence

he had seen Todd twice emerge, and entering, seized 59 bottles of intoxicating beer.

Day and Todd have appealed, urging reversible error in overruling their joint and several motions for bill of particulars and to quash, their demurrers to the indictment for misjoinder and indefiniteness, and their objections to the introduction in evidence of the liquors seized, because seized without probable cause as to them.

■ From the statement of the evidence above, it is clear that, though ordinarily it is not good practice to join in an indictment counts charging distinct offenses against separate defendants, U. S. v. McConnell (D. C.) 285 F. 164, the action of the court in this case cannot be assigned as prejudicial error, not only because a motion to quash is ordinarily addressed to the discretion of the court and is not the subject of review by an appellate court, Gay v. U. S. (C. C. A.) 12 F.(2d) 433, and because, if there was misjoinder, the objection was not well taken by demurrer, but must be by motion to compel an election, Optner v. U. S. (C. C. A.) 13 F. (2d) 11; Etheredge v. U. S. (C. C. A.) 186 F. 434, but also because, though the indictment does contain separate counts as to separate defendants, the matters charged in reality constitute but one series of transactions, and the facts relied upon for the conviction of Chevis in the first, and Todd in the second, count, are the same facts relied upon for the conviction in the third count of Todd and Day, Davis v. U. S. (C. C. A.) 12 F.(2d) 253.

■■ It is also apparent that the court did not err in overruling the demurrers and motions to quash for want of definiteness and certainty, Maceo v. U. S. (5th C. C. A.) 46 F.(2d) 788; Husty v. U. S., 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. ——, Feb. 24, 1931; and that its action in refusing the motion presented on the day before the trial for bill of particulars was an exercise of its discretion, which presents no reviewable error, Wong Tai v. U. S., 273 U. S. 77, 47 S. Ct. 300, 71 L. Ed. 545.

■■ It is also apparent that there was no error in the action of the court in admitting in evidence the bottle of whisky seized from Chevis, that broken in Day's place, and the 59 bottles of home-brew beer found in the little tire shop.

As to the first bottle, it, when seized, was not in the possession of appellants, but of Chevis, and neither of them can complain of the invasion of Chevis' constitutional rights, while as to the bottle broken in Day's place, and the beer seized in the adjoining tire shop, the officer had right to seize them as incident to the lawful arrest of Todd, whom he had actually apprehended in an overt violation of the law.

■ In addition to these assignments, appellants present and urge most vigorously three others—that the court erred in refusing their motion to direct a verdict, because, as a matter of law, the proof at best for the government showed merely the taking of orders for whisky at 713 Morgan street, but that none was kept for sale or sold there; or, if there was an issue as to that point, that the court erred in the submission of the issue to the jury, both in refusing to give the charge which appellants requested and in charging as the court did.

Appellants cite Heitman v. U. S. (C. C. A.) 5 F.(2d) 887; Hattner v. U. S. (C. C. A.) 293 F. 381, to the effect that the government, having in the indictment specifically described the place where the alleged nuisance was maintained, must prove the place as laid; and Miller v. U. S. (C. C. A.) 300 F. 529, to the effect that, where the evidence at most establishes that a place which is used by one ostensibly for the carrying on of a legitimate business is also used by him as an office from which directions are given as to carrying on a liquor business elsewhere, or in which he sometimes received payments for liquor, the liquor being kept at some other place, and sold to purchasers without ever being on the premises, proof of nuisance is not made out.

We agree with appellants that, having laid the nuisance at 713 Morgan street, the government was required to prove it substantially as laid. We do not agree that it has failed to do so.

On the evidence, we think the proof amply supports the conclusion that a nuisance was being committed at 713 Morgan street as laid in the indictment. The evidence, direct and circumstantial, shows not only that the office of 713 Morgan street was used for the purpose of receiving orders and taking payment for intoxicating liquors sold there, but also that the liquors stored in the premises adjoining at the rear were in effect sold and kept for sale at the number charged. Cached immediately at the rear, adjacent to and within eight or ten feet of it, in a little shed room shown to have been in the possession and control of the appellants, in connection with 713 Morgan street, it was in effect delivered from the place where it was ordered. In addition, the proof amply

supports the finding that at least some of the liquors stored in the little shed room for sale were carried into 713 Morgan street and through it for the purpose of delivery, and that all of the contact of the public with the liquors and their traffic and transactions in them were in effect carried on in and in front of that number.

There is abundant proof that the little shed room in the back of and adjoining 713 Morgan street was in the possession of, and used by, the appellants in their liquor enterprise as part and parcel of it, and, in the absence of controverting proof, it must be held that this in effect was so, and that the evidence amply supports the conviction on the nuisance count of the indictment.

 It remains only to inquire whether there was error prejudicial to the appellants in the way in which this count was submitted to the jury.

It is claimed that there was error in refusing the charge requested, to the effect that, if the jury found that no liquor was actually kept for sale or sold at 713 Morgan street, they should find the defendants not guilty, even though they believed that orders for liquors were taken there, and it is also claimed that there was error in the affirmative charge of the court that, "if the jury found that orders were taken there and money paid at 713 Morgan Street for the delivery of intoxicating liquors from other premises, it was immaterial that any intoxicating liquors were actually kept there, for under such circumstances intoxicating liquors would be constructively kept there."

Considering these charges, that refused and that given, as we must, not as abstractions, but as applied to the facts in this case, we think it plain that no error was committed. The law looks to the substance, not to the form; that is satisfied here. The statute denounces as well the sale as the keeping for sale. Assuming, therefore, without deciding, that, if the facts here were like those in the Miller Case, orders for liquor being taken at one place, and deliveries being made from a place not immediately contiguous, but entirely different in location, proof of nuisance would not be made out, and that it would have been error for the court, under such facts, to fail to so charge, such a case is not presented here. Here all of the liquors were cached in an immediately adjoining and connected unnumbered building entirely under the control of the defendants, and all of the transactions were made in front of or in the numbered office,

where the deliveries, though beginning at the adjoining shed, were completed. Under these circumstances, the numbered office would in effect be the place where liquors were kept for sale and sold, even though no liquors were actually stored in the place, or no manual deliveries took place inside of it.

The court charged the jury generally that, if orders were taken and money paid in the premises for the delivery of intoxicating liquors from other premises the nuisance charge would be made out. The charge must be construed in the light of the evidence in the case. So construed, it in effect tells the jury that, if 713 Morgan street was a place where purchases and sales of liquors were negotiated, moneys paid therefor, and deliveries effected from a store of liquors maintained in the shed adjoining it in the rear, the place would be a common nuisance, although no liquors were actually kept in storage there. This charge fully satisfied the law.

There being no reversible error, the judgment is affirmed.