**UNITED STATES v. TUFFANELLI et al.**
**No. 8037.**

Circuit Court of Appeals, Seventh Circuit.
Dec. 9, 1942.

Rehearing Denied Dec. 28, 1942.

MAJOR, Circuit Judge, dissenting in part.

George F. Callaghan and Myer H. Gladstone, both of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

The appellants, with others, were indicted in ten counts charging them with violation of the Federal Liquor laws and with conspiracy, but they were tried only on counts 1, 2, 3, 5, 7, 8 and 10. Counts 1, 2, and 5 were nolle prossed as to Bonarski, and count 5 as to Tuffanelli.

The jury found Tuffanelli guilty as to counts 1, 2, 3, 7, 8 and 10, and Bonarski as to counts 3, 7, 8 and 10. Judgments were entered upon the verdicts, and the ap-

pellants were each sentenced to imprisonment for various terms. To reverse the judgments, Tuffanelli and Bonarski have appealed.

The appellants contend that the evidence fails to sustain the third count of the indictment charging the illegal carrying on of the business of a wholesale liquor dealer on July 12, 1940, at 2332 West Grove Avenue, in the city of Blue Island, Illinois. The argument is that having fixed the place where the business was being carried on, it was incumbent upon the Government to prove that allegation.

The Government proved that on April 13 and May 16, 1940, the appellants sold taxunpaid alcohol, but there was no evidence indicating where the particular liquor came from.

■■ Where an indictment specifically describes the premises on which the crime is alleged to have been committed, the description becomes a matter of substance and must be proved as alleged. Heitman v. United States, 9 Cir., 5 F.2d 887; Naftzger v. United States, 8 Cir., 200 F. 494; Anderson v. United States, 5 Cir., 30 F.2d 485; and Todd v. United States, 5 Cir., 48 F.2d 530. Under the circumstances here appearing, we think the court ought to have sustained appellants' motion to strike the testimony on the ground of variance between the allegation as to the place of business and the proof.

Appellant Tuffanelli contends that the evidence is not sufficient to justify his conviction.

Counts 1 and 2 charge the illegal possession and operation of a distillery on July 12, 1940, at 2332 West Grove Avenue, in the city of Blue Island, Illinois. Count 7 charged removal on May 24, 1940, at Chicago, Illinois, of 415 gallons of alcohol on which no tax had been paid. Count 8 charged removal on June 12, 1940, at Chicago, Illinois, of 100 gallons of alcohol on which no tax had been paid. Count 10 charged conspiracy on and from January 1, 1939, to July 15, 1940, to commit the offenses set forth in the above counts.

The pertinent facts not in dispute, or stated favorably for the Government, are that on April 13, 1940, one Perigo, in the presence of an investigator for the Alcohol Tax Unit, inquired of Tuffanelli if he (Tuffanelli) could sell him (Perigo) some alcohol. Tuffanelli said he knew a man who had a small plant and was looking for customers, and arrangements were made for Tuffanelli, Perigo, and the investigator to meet at a gas station at 119th Street and Western Avenue. The parties met at the appointed place, and Tuffanelli introduced the investigator and Perigo to appellant Bonarski. Tuffanelli said Bonarski had only eight cans. Bonarski drove away in the investigator's car, while Perigo and the investigator were taken in Tuffanelli's automobile to High Street and Gregory Avenue. There Bonarski informed Perigo that the alcohol was in the investigator's car, and the investigator paid Bonarski $91 for eight five-gallon cans of taxunpaid alcohol.

On May 3, 1940, at Bonarski's home, the investigator made arrangements for the purchase of 15 cans of alcohol. May 6, Bonarski and the investigator met at the Texaco station. Bonarski drove away in the investigator's car, returning shortly thereafter. He said "the cans are in the car," and received $180 for 15 cans of taxunpaid alcohol. May 14, at Tuffanelli's home, the investigator complained about the proof of the alcohol. Tuffanelli said: "Fix it up with Walter, he will be here soon." Bonarski came into the room and said he would give one free can.

The record also discloses that investigators seized an illicit distillery at 2332 West Grove Avenue on July 12, 1940, set for operation but not running at that time. It further discloses that one Bender, a water meter reader for the city of Blue Island, read the water meter on June 7, 1940, and found, in addition to the pipe leading into the yard at the premises, another pipe leading into a building in the rear. On June 8 Bender returned, and removed the connection that supplied the rear building with water. As he was leaving the premises he met Tuffanelli who said: "Well, I saw you down at the meter pit, we have to have water back there in the building," and added "there was something in the building would spoil." Tuffanelli also inquired of Bender if he had learned to take money yet. July 13, after the still had been seized, Bender called at Tuffanelli's home for the purpose of reading Tuffanelli's meter, and while there, Tuffanelli said to Bender: "Something happened yesterday, there will be an investigation, don't say anything."

■■ We think, the evidence presented by the Government tended to prove that the appellant Tuffanelli was guilty of

counts 1 and 2. We are, however, unable to find that there was substantial evidence which would warrant finding him guilty of counts 7 and 8. Neither was there evidence which would warrant finding Bonarski guilty of count 8.

We are also of the opinion that the evidence justified a finding of guilty as to the conspiracy count, since it was not necessary to prove that all the defendants in the indictment had conspired together. To support the verdict as to the conspiracy count, it is sufficient if it is proved that Tuffanelli and one other defendant had conspired to commit the crimes alleged in counts 1 and 2, Schefano v. United States, 5 Cir., 84 F.2d 513; nor is it necessary to establish that the acts of the defendants were pursuant to a mutual agreement. It is enough if the proof shows that two or more persons, in voluntary cooperation, have participated in an enterprise which necessarily involves the commission of an indefinite number of substantive offenses, United States v. Wroblewski, 7 Cir., 105 F.2d 444.

The appellants make the point that because an investigator was permitted to testify to the acts of Bonarski and Ostrowski with defendant Ptaszynski and one Chlebek, involving the removal of alcohol, but not charged in the indictment, the court committed reversible error.

The argument is that because count 10 charged that the object of the conspiracy was to commit the offenses charged in the substantive counts, the Government was limited to such evidence as would tend to prove one or more of the substantive counts.

To be sure, evidence of another crime unconnected with the one on trial is inadmissible, but the rule is subject to a number of exceptions—for example, where the other offenses are logically connected with that charged, 22 Cor.Jur. Secundum, Criminal Law, § 691; Workin v. United States, 2 Cir., 260 F. 137; Blaustein v. United States, 3 Cir., 44 F.2d 163, or where the acts are so closely and inextricably mixed up with the history of the guilty act itself as to form part of the plan or system of criminal action, Weiss v. United States, 5 Cir., 122 F.2d 675, and United States v. Sebo, 7 Cir., 101 F.2d 889. In our case, the acts and transactions complained of were part of the conspiracy charged. They were evidence of a continuing conspiracy, and tended to show a general system or scheme, the result of a previous understanding or agreement, and were logically connected with the charge.

We now consider appellants' contention that several defendants cannot be convicted in a single indictment for offenses committed by them independently of each other.

The record discloses that at the close of the evidence for the Government, on motion of the counsel for the United States, an order of nolle prosequi was entered as to the appellant Bonarski and defendant Ostrowski on counts 1 and 2, and as to the defendant Ptaszynski on counts 1, 2, 7, 8 and 10. Thereupon, the appellants moved the court to instruct the jury to find them not guilty on counts 1, 2, 3, 7 and 8, on the ground that the evidence showed a misjoinder of offenses and defendants. The motion was denied.

The argument is that while the indictment charged all of the defendants with a commission of all of the crimes, the evidence showed that the defendants Bonarski, Ostrowski, and Ptaszynski had nothing whatever to do with the offenses charged in counts 1 and 2; that Tuffanelli had no connection with the charge described in counts 3, 7, and 8; and that there was no evidence connecting Bonarski with count 8, nor any connecting Ptaszynski with any of the counts.

In support of this contention the appellants rely upon McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 33, 41 L.Ed. 355, in which the court said that "joinder cannot be sustained where the parties are not the same, and where the offenses are in no wise parts of the same transaction, and must depend upon evidence of a different state of facts as to each or some of them." An analysis of the McElroy case discloses that the offenses charged against the six defendants were wholly different, having no relation to each other. They included assault with intent to kill two different persons and arson of two different dwellings, each by a different combination of defendants. It is clearly distinguishable from the instant case.

District attorneys, in drafting indictments, ought to keep in mind the admonition of the courts that it is not good practice to join in an indictment counts charging distinct offenses against separate defendants, Todd v. United States, supra;

and Culjak v. United States, 9 Cir., 53 F. 2d 554, 82 A.L.R. 480, and while we do not approve the practice followed in this case, we cannot say the action of the court in overruling appellants' motion may be assigned as prejudicial error, since all of the counts charged closely related offenses, based upon a series of transactions constituting a preconceived system and plan to defraud the United States of the revenue imposed on distilled liquor.

The appellants in their brief have raised other points which we have considered. They need no discussion, since we are convinced they are without merit, and do not change the conclusion we have reached.

The judgment is reversed as to Tuffanelli on counts 3, 7 and 8, and as to Bonarski on counts 3 and 8. It is affirmed as to Tuffanelli on counts 1, 2 and 10, and as to Bonarski on counts 7 and 10, and the cause is remanded to the District Court where the appellants will be resentenced in conformity with this opinion.

It is so ordered.

MAJOR, Circuit Judge (concurring in part, dissenting in part).

I favor affirmance as to the conspiracy count only. As to the substantive counts, I think the judgment should be reversed on the ground of misjoinder. When that fact became apparent to the trial court, a motion to dismiss as to those counts should have been allowed or a nolle prosse ordered.

Appellee does not seriously dispute that there was a misjoinder, but argues there was no prejudice. As I understand, the majority opinion accepts this argument. In my view, it is clearly fallacious. True, the McElroy case, 164 U.S. 76, 17 S.Ct. 31, 33, 41 L.Ed. 355, is distinguishable on the facts, but not on principle. The joinder cannot be sustained "where the offenses are in no wise parts of the same transaction, and must depend upon evidence of a different state of facts as to each or some of them." The opinion seeks to escape this plain language by finding that "all of the counts charged closely related offenses." The offenses, however, were related only in that they were violations of the Revenue Act. The relation which will permit joinder must be such that the same evidence will prove or tend to prove each of the offenses charged. The Todd case cited in the opinion is illustrative. There, Todd, Day and Chevis were jointly tried on charges that Todd and Chevis unlawfully possessed intoxicating liquor, and that Todd and Day at the same time and place maintained a common nuisance where intoxicating liquors were unlawfully kept and sold. The court [48 F.2d 532], in affirming the conviction, said: " * * * the matters charged in reality constitute but one series of transactions, and the facts relied upon for the conviction of Chevis in the first, and Todd in the second, count, are the same facts relied upon for the conviction in the third count of Todd and Day * * *."

In Coco v. United States, 8 Cir., 289 F. 33, four defendants were jointly charged in a two-count indictment with possession of unregistered stills. The offense charged in one count was at 5033 Wilson Street, and in the other count at 5035 Wilson Street. Three of the defendants were connected with the still at one address, and one of the defendants with the still at the other address. The court held that the two counts were misjoined as charging separate and distinct offenses, and reversed the judgment of conviction.

In the instant case, the misjoined offenses were separate and distinct. For instance, counts 1 and 2, affirmed as to Tuffanelli, are wholly unrelated to count 7, affirmed as to Bonarski. I assume it would not be contended if Tuffanelli had been tried alone on counts 1 and 2 that proof of the offense charged in count 7 would have been admissible, or that if Bonarski had been tried on count 7 that proof of the offenses charged in counts 1 and 2 would have been admissible. If I am correct in this assumption, it follows that the counts were misjoined, and it also follows, so I think, that the judgment on such misjoined count is erroneous and should be reversed.

It is poor consolation to a defendant who is forced to trial, improperly joined with other defendants, for a reviewing court merely to disapprove "the practice followed," with an expression of doubt that his rights have been prejudiced. It should be remembered that the government, not the defendant, is the one responsible for the situation and should be charged with the burden of clear demonstration that no prejudice has resulted. Ordinarily, prejudice should be presumed from such practice. As stated in the McElroy case, supra, page 81 of 164 U.S., page 33 of 17 S. Ct., 41 L.Ed. 355: "It cannot be said in such case that all the defendants may not

have been embarrassed and prejudiced in their defense, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions."