## UNITED STATES v. SCHENNAULT.

### No. 10618.

United States Court of Appeals
Seventh Circuit.

Dec. 30, 1952.

Rehearing Denied Feb. 9, 1953.

Myer H. Gladstone, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty. and James P. Piragine, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

Appellant, after trial without a jury, was found guilty of a violation of section 2553 (a), Title 26, U.S.C.A. for possessing 24.8 grains of heroin not in or from the original stamped package. He was likewise convicted, on a separate count, for fraudulently and knowingly receiving, concealing, buying and facilitating the transportation and concealment after importation of 24.8 grains of heroin, knowing the same to be imported contrary to law, in violation of section 174, Title 21 U.S.C.A. Both offenses were charged to have been committed on October 10, 1951.

He was sentenced to custody for a period of five years and to a fine of $2,000 for the violation of section 2553(a), Title 26 United States Code, and was additionally sentenced to custody for seven years and to a fine of $5,000 for the violation of section 174, Title 21 U.S.C.A. The latter sentence to run consecutively to the first sentence.

The indictment against the defendant-appellant was returned on December 19, 1951, by the grand jury for the Northern District of Illinois, Eastern Division. It contained thirteen counts.

In the first three counts the indictment charged three distinct offenses alleged to have been committed on March 27, 1950. The first count charged that on said date, the defendant-appellant unlawfully purchased and had in his possession 16 grains of heroin which was not then and there in the original stamped package, nor from the original stamped package. The second count charged that on said date defendant-appellant unlawfully sold 16 grains of heroin to one Rudolph Edinburg not in pursuance of a written order on a form issued in blank for that purpose by the Secretary of the Treasury of the United States. The third count charged that he, on said date, did then and there fraudulently and knowingly, receive, conceal, buy and facilitate the transportation and concealment after importation, of 16 grains of heroin, knowing the same to be imported into the United States contrary to law.

Counts 4, 5 and 6 charged that like offenses as to 2.4 grains of heroin and 2 grains of cocaine were committed by defendant-appellant on June 26, 1951. The sale of said 2.4 grains of heroin and 2 grains of cocaine, charged in the fifth count, are alleged to have been made to James T. Simmons.

Similar offenses as to 7.7 grains of heroin are charged to have been committed by defendant-appellant on July 2, 1951, in counts 7, 8 and 9. The sale in this instance of 7.7 grains of heroin is charged in count 8 to have been made to one James T. Simmons.

Count 10 makes charges of the purchase and possession, on April 10, 1951, of 6005.4 grains of heroin and of 188.1 grains of cocaine by defendant-appellant, and likewise count 11 charged him with the reception and concealment of 6005.4 grains of heroin and of 188.1 grains of cocaine on the same date.

Count 12 makes a similar charge of purchase and possession by defendant-appellant of 24.8 grains of heroin on October 10, 1951.

Count 13 charged that on the said October 10, 1951, he did fraudulently and knowingly conceal 24.8 grains of heroin, knowing the same to be imported into the United States contrary to law.

On January 17, 1952, defendant was arraigned and pleaded not guilty. Trial was then set for February 28, 1952. However, on February 14, 1952, the following order was entered by the District Court:

"This day comes the United States by the United States Attorney, comes also the defendant, Harry Schennault, by his counsel, and enters herein his motion to compel the plaintiff to elect the group of counts on which it would go to trial, and said motion is heard and the Government elects to proceed on counts 10 and 11 of the indictment herein."

Later on the defendant waived his right to trial by jury and consented to a trial before the court without a jury. The United States Attorney consented to the waiver and the District Court approved the same. Defendant went to trial on February 27, 1952, on the charges contained in counts 10 and 11, and at the conclusion of said trial was found not guilty of said charges. Thereupon, and on the same day, the case was referred to the Executive Committee of the District Court for reassignment. It was there ordered that the case be reassigned to Patrick Stone, United States District Judge.

On February 27, 1952, with the approval of Judge Stone, and consent of the United States Attorney, defendant again waived his right to trial by jury.

The United States Attorney then proceeded to trial on the charges in counts 12 and 13.

The transcript of proceedings shows that before any evidence was adduced the attorneys for the defendant-appellant objected to proceedings to try any count or counts, including counts 12 and 13. Again at the close of the evidence on behalf of the Government, the defendant moved for judgment of acquittal. The motion was denied and the trial proceeded. At the conclusion of all the evidence a like motion was denied, and the court entered findings of guilt and imposed the sentences for the reversal of which this appeal is prosecuted. The defendant-appellant here insists that the judgment of the District Court finding him guilty and sentencing him to the foregoing penalties should be reversed for the following reasons:

(1) Because the election of the Government to seek conviction on counts 10 and 11 of the indictment caused an abandonment or *nolle prosequi* of the remaining 11 counts.

(2) Because the Government failed to prove possession of any narcotics by the defendant.

(3) Because the court permitted highly prejudicial, improper and inadmissible evidence and statements to be introduced and made at the trial.

(4) Because the sentence is excessive and is the result of prejudicial, inflammatory, improper and inadmissible evidence and statements; and because the unsworn statements of a Chicago police lieutenant and the prosecutor immediately before sentence were improper and in violation of defendant's constitutional rights.

I. In support of his contention that when the Government elected to proceed to trial on counts 10 and 11, there was an abandonment or *nolle prosequi* of the 11 remaining counts, the appellant cites cases from some seven different States and only two federal decisions.

Criminal cases in the federal courts are governed and controlled by federal statutes and federal decisions, and state statutes and state decisions are inapplicable. United States v. Reid, 12 How. 361, 53 U.S. 361–365, 13 L.Ed. 1023; Starr v. United States, 153 U.S. 614, 14 S.Ct. 919, 38 L. Ed. 841; Jones v. United States, 137 U.S. 202, 211, 4 S.Ct. 80, 34 L.Ed. 691, and Simmons v. United States, 142 U.S. 148, 12 S. Ct. 171, 35 L.Ed. 968.

The federal cases cited by appellant are Cochran v. United States, 8 Cir., 41 F.2d 193, and Todd v. United States, 5 Cir., 48 F.2d 530. Neither is relevant to the proposition here under consideration. As a matter of fact, Cochran v. United States is referred to by the editor of Corpus Juris Secundum in a discussion on "the effects of election" in 42 C.J.S., Indictments and Informations, § 191, page 1158, as supporting the italicized portion of the following sentence:

"The election to proceed on one count is held equivalent to a verdict of not guilty on the other counts, *but not in the sense that it will bar prosecution on the remaining count which is similar to, or substantially the same as, those rejected.*"

Since the offenses charged in the indictment at bar occurred in 1950, long after the adoption of the Federal Rules of Criminal Procedure, it is manifest that we must take into consideration and be controlled by those rules. Rule 8 makes provision for a joinder of offenses and of defendants in one indictment. In the case at bar there is a single defendant, hence we are concerned only with the joinder of offenses in an indictment. Section (a) of Rule 8, Fed.Rules Crim. Proc., 18 U.S.C.A., provides:

"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Rule 14 of the Federal Rules of Criminal Procedure is designed to relieve parties from the consequences of prejucial joinder of offenses or of defendants. It provides, 18 U.S.C.A.:

"If it appears that a defendant or the government is prejudiced by a joinder

of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

As the advisory committee on rules pointed out, rules 8 and 14 F.R.C.P. are mere restatements of existing law, and owe their origin to the Act of February 26, 1853. 10 Statutes At Large 162. The Act may also be found in the 1927 edition of U. S.C.A., Title 18, § 557, which was repealed on September 1, 1948. Hence it is altogether proper in discussing these rules to cite cases decided under said statute. As was pointed out in Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, each count in the indictment at bar is regarded in law as if it were a separate indictment.

The indictment charges thirteen distinct offenses in an equal number of counts; it was properly returned under Rule 8(a) of the Federal Rules of Criminal Procedure.

As we have already indicated, the defendant through his attorney on February 14, 1952, moved that the United States Attorney be compelled to elect the group of counts on which he would go to trial. Thereupon, the Government elected to proceed on counts 10 and 11. The trial court acquiesced and entered the order which we have hereinbefore set out. There was no abandonment, dismissal of or *nolle prosequi* of the remaining counts. The court allowed a separate trial on counts 10 and 11, which was clearly proper under rule 14 F. R.C.P., cited above. Trial on the remaining counts was merely delayed until the charges made in counts 10 and 11 were disposed of. Those counts were not before the court on the trial of counts 10 and 11.

Later on, as we have already indicated, trial was had on two additional counts 12 and 13 on which trial defendant was found guilty. The first nine counts of the indictment, so far as this record shows, are still pending and undisposed of in the District Court. That both appellant and his attorney appreciated that fact is shown from the transcript of proceedings in this appeal. It

recites that at the conclusion of the trial here under review, the attorney for the defendant asked: "Now what about the other cases?" The United States Attorney replied: "Shall we proceed tomorrow?" The Court said: "No. I don't think I will try those * * *. In view of what I know about this man, I think he is entitled to a trial before another judge." There is no merit in defendant's first contention.

■ II. Our examination of the transcript of proceedings in the case now under consideration satisfies us beyond a shadow of doubt that defendant actually did have possession of narcotics as charged in counts 12 and 13. The trial was before a careful and experienced judge and his finding to that effect is abundantly supported by substantial evidence.

■ III. Neither can we find merit in appellant's claim that highly prejudicial evidence and statements were allowed to be introduced in evidence. He says that evidence of the fact that defendant on his arrival at the police station, after his arrest, was greeted by city officers and by a federal employee of the Bureau of Narcotics, as "king of the dope peddlers" was received, and was improper and prejudicial. We do not consider the admission of this evidence as reversible error in view of the convincing nature of the proof and the fact that the case was tried before the court. Many of the statements on which he now bases his third contention were made in a pre-sentence investigation after he had been found guilty. We are not impressed by appellant's third contention.

■ IV. In answer to the claim that the sentence imposed was cruel and inhuman and violated the constitutional rights of the defendant, we rest with what was said in United States v. Rosenberg, 2 Cir., 195 F.2d 583–604:

"Unless we are to over-rule sixty years of undeviating federal precedents, we must hold that an appellate court has no power to modify a sentence. 'If there is one rule in the federal criminal practice which is firmly established, it is that the appellate court has no control over a sentence

which is within the limits allowed by a statute'."

In the case at bar the penalty for a violation of section 2553(a), such as charged in count 12, is a fine of not more than $2,000, or imprisonment of not more than five years, or both. The penalty for such violation of section 174, Title 21 U.S.C.A., as charged in count 13, is a fine of $5,000 and imprisonment of not more than ten years. Hence, the maximum fine and sentence which the court could have imposed on both counts would be a fine totaling $7,000 and imprisonment for fifteen years. The sentence imposed upon appellant was less than the maximum permitted under the statutes. Hence the contention made on his behalf must also be denied.

The judgment of the District Court is affirmed.