**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vairee McCARTNEY, Defendant-Appellant.**

**No. 12421.**

United States Court of Appeals Seventh Circuit.

March 20, 1959.

Ray H. Greenblatt, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Atty., Chicago, Ill., for appellee.

Before SCHNACKENBERG, PARKINSON and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Defendant Vairee McCartney was indicted on six counts charging sales of

narcotic drugs on or about June 10, July 30, and December 12, 1957, and receiving, concealing, buying, and facilitating the transportation and concealment after importation of narcotic drugs on the same occasions in violation of Title 26 U.S.C. Sec. 4705(a) and Title 21 U.S.C.A. § 174, respectively, both as amended by the Narcotic Control Act of 1956.

The jury returned a verdict of guilty on all six counts. The Government filed certified copy of a prior narcotics conviction. The Court imposed a sentence of twenty years. Defendant appealed. The errors on which he relies arise out of rulings on the evidence.

The testimony of the Government's witnesses conflicted sharply with that of defendant. These conflicts presented issues of fact for the Jury.

It is, however, undisputed that a special employee of the Bureau of Narcotics, known to defendant as Angelo Williams and to the Bureau as George Dallas, introduced the defendant to Federal Narcotics Agent John F. Graf, describing Graf as a dealer in narcotics.

Government witnesses testified that on the three occasions stated in the indictment, defendant received money from Graf to procure narcotics which defendant subsequently delivered.

Defendant, on the other hand, testified that Williams had proposed a plan whereby he and defendant would take Graf's money and sell him harmless non-narcotic preparations; that Williams kept the preparations, and that at no time did defendant transfer these, or any other substances, to Graf.

Typical of the conflict in details is defendant's statement that, on June 10, 1957, he and Williams took money from Graf and left together to purchase the ingredients from which the non-narcotic preparation was made. Agents Graf and Attie both testified that Williams remained with Graf and that defendant departed alone.

Williams was not produced as a witness. The testimony indicated that defendant and the Government both sought unsuccessfully to locate him.

Defendant states the contested issues to be:

(1) Is the admission over defendant's objection of a hearsay statement to the effect that defendant had sold narcotics on occasions prior to those charged in the indictment reversible error?

(2) Can defendant's failure to deny the special employee's statement concerning prior sales of narcotics be interpreted only as an admission by silence that he had in fact made such sales or does the testimony presented by defendant indicate that he might have been motivated not to deny the statement even if he had not in fact made prior sales of narcotics, and therefore that his silence is not an admission?

(3) Is the statement of the special employee concerning past sales of narcotics admissible not to prove the truth of such statement but only for the purpose of proving that such statement was made?

(4) If the statement of the special employee concerning past sales of narcotics was not inadmissible under the hearsay rule, either because it constituted an admission by silence or for some other reason, is such statement nevertheless inadmissible because evidence of prior sales is relevant in the present case only for the purpose of proving that defendant was generally disposed to commit narcotics violations?

(5) If it was error to admit evidence of the special employee's reference to prior sales of narcotics, was such error prejudicial?

(6) Did the trial judge err in refusing to strike or exclude testimony of a witness identifying defendant as the other party to three telephone conversations which the witness overheard where the witness testified that he was unfamiliar with defendant's voice?

(7) Did the trial judge err in permitting the Government to elicit detailed testimony from a witness during his second day on the stand with respect to the

identical matters on which he had given detailed testimony his first day on the stand and in permitting him not only to repeat his prior testimony but to correct certain details so that it would corroborate the testimony of the Government's chief witness?

(8) Did the trial judge err in permitting the prosecution to offer testimony of a Government chemist as to the average percentage of narcotics in mixtures he had analyzed during his twenty-five years with the Treasury Department as a standard of comparison in view of the absence of any foundation indicating the nature and source of such mixtures and the significance of such mixtures as a standard for comparison?

■■ In relating the events of June 10, 1957, Agent Graf testified that when he expressed reluctance to trust defendant with an advance payment of $400, Williams said that he had purchased narcotics from defendant on previous occasions. As a general rule, of course, evidence of another offense, wholly independent of the one charged is inadmissible. However, in this case, the conversation was part of the *res gestae*. United States v. Sebo, 7 Cir., 1939, 101 F.2d 889; United States v. Tuffanelli, 7 Cir., 1942, 131 F.2d 890.

■ Whatever may be the case where defendant does not take the stand, it is clear that no prejudice can have resulted here from Agent Graf's testimony regarding the conversation with Williams in defendant's presence. Defendant testified at length regarding the alleged scheme to "defraud" Graf. His silence as to the statement made by Williams may be held to have some significance. The statement was a part of the proceedings involving the sale and transfer. Evidence even of other criminal acts is admissible when so blended or connected with the crime of which defendant is accused that proof of one incidentally involves the other or explains the circumstances thereof. United States v. Wall, 7 Cir., 1955, 225 F.2d 905; United States v. Crowe, 7 Cir., 1951, 188 F.2d 209.

■ Defendant contends it was error for the Trial Court to permit Agent Eckhardt to testify over objection (and to refuse to strike similar testimony) identifying defendant as the person who telephoned Agent Graf on December 11, 1957. We do not agree.

Agent Graf so held the telephone as to allow Eckhardt to hear each of three telephone conversations received in the course of a short space of time. Although Eckhardt had not previously heard defendant's voice, he testified that he heard the same voice on each call, and that he recognized it as that of defendant when he saw defendant and heard him speak a few hours later. There was evidence that telephone conversations were in fact had between defendant and Graf. Defendant himself testified to several calls, although he gave a different version of the content of the conversations. We find no error in this aspect of the case. United States v. Bucur, 7 Cir., 1952, 194 F.2d 297.

Study of the transcript of evidence indicates that Agent Eckhardt's testimony on the second day was not repetitious, as asserted by defendant. The Trial Court considered objections based on that ground and overruled them, indicating that, in his recollection, the witness had not "got that far," (transcript, p. 204) and instructing the witness "not to cover anything that was covered yesterday." (transcript, p. 210). In the course of the second day's testimony, Eckhardt corrected a statement he had made the day before. He originally said that at a particular time on July 30th, he had seen defendant in a car. He corrected this and said that, at that time, the defendant was on foot. He made no change in his testimony as to time, location, action taken or any other aspect of his original account.

■ On cross-examination, testimony was elicited from the Government's expert witness, chemist Endriz, to the effect that he had not made a quantitative test of one of the exhibits, but only a qualitative test. He said that from his experience he was able to estimate whether a sample would run to 5% or

more of heroin hydrochloride. He denied that the percentage in this sample could be as low as one-tenth of one percent, and stated that it was at least 5%. Defendant's counsel then asked whether that would not be a very small amount in volume and the witness said it would be. On re-direct examination, the witness was asked about average content based, on his experience in testing such samples. The Trial Judge overruled objection to this line of questioning in view of the cross-examination (transcript, p. 169). The scope of examination is a matter within the sound discretion of the Trial Court. This Court will review exercise of that discretion only to determine whether or not it has been abused. United States v. Bender, 7 Cir., 1955, 218 F. 2d 869; United States v. Lawinski, 7 Cir., 1952, 195 F.2d 1. We find no abuse of that discretion in this case.

Attorney Ray H. Greenblatt, by appointment of this Court, has served faithfully and without compensation as counsel for McCartney in this Court. We greatly appreciate his services.

We find no prejudicial error in the proceedings below. The judgment of the Trial Court is affirmed.